122 T.C. No. 3

UNITED STATES TAX COURT

FLORIDA COUNTRY CLUBS, INC., A FLORIDA CORPORATION, SUNCOAST
COUNTRY CLUBS, INC., A FLORIDA CORPORATION, DEBORAH A. HAMILTON,
AND JAMES R. MIKES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9160-02.              Filed February 3, 2004.

        Petitioners (Ps), two S corporations and two
shareholders of those corporations, received letters of
proposed deficiency with respect to their 1993 and 1994
Federal income tax returns, which allowed Ps an
opportunity for administrative review in Respondent's
(R) Appeals Office.  After Ps protested the proposed
deficiencies with the Appeals Office, the parties
settled without R's issuing either an Appeals Office
notice of decision or a notice of deficiency.

        Ps filed a petition with this Court under sec.
7430(f), I.R.C., and Rule 271, Tax Court Rules of
Practice and Procedure, for reasonable administrative
costs.  R moved for a summary judgment that Ps are not
entitled to an award of administrative costs as a
matter of law.

1.  Held:  R never took a position in the administrative proceeding as provided by sec. 7430(c)(7)(B), I.R.C., because Ps never received a notice of decision from the Appeals Office and R never sent Ps a notice of deficiency.  Consequently, Ps do not qualify as prevailing parties under sec. 7430(c)(4), I.R.C.

2.  Held, further, the meaning of term "notice of deficiency" under sec. 7430(c)(7), I.R.C., is the same as its meaning under sec. 6212(a), I.R.C.

3.  Held, further, the proposed notice of deficiency that was never approved and never sent to Ps is not a notice of deficiency for purposes of sec. 7430(c)(7), I.R.C.

James R. Mikes, for petitioners.

Michael D. Zima, for respondent.


OPINION


KROUPA, Judge:  This matter is before the Court on respondent's motion for summary judgment under Rule 121.[1]  The sole issue for decision is whether petitioners are entitled to reasonable administrative costs under section 7430 for expenses incurred in proceedings within the Internal Revenue Service (IRS) regarding their 1993 and 1994 Federal income taxes.  For the

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section, chapter, and subtitle references are to the Internal Revenue Code.

reasons explained below, we find that petitioners are not entitled to administrative costs.

## Background

Petitioners are James R. Mikes (Mikes), Deborah A. Hamilton (Hamilton), Florida Country Clubs, Inc. (FCC), and Suncoast Country Clubs, Inc. (SCC). FCC and SCC are corporations that elected to be taxed under subchapter S for 1993, 1994, and 1995. Mikes and Hamilton were married and filed joint returns for those years, and they were shareholders of the corporations.[2]

Respondent commenced an audit of FCC for the years 1993 and 1994 in December 1995, to examine, inter alia, certain claimed depreciation expenses and a possible understatement of gross receipts. In 1996 respondent expanded the audit for those years to include Mikes, Hamilton, and SCC. The audit encompassed, in addition to the depreciation deductions, the deductibility of net operating losses as well as interest income and expenses claimed by petitioners on account of certain loans. In May 1999, the audit was further widened to include the year 1995 for all petitioners.

On September 23, 1997, respondent sent petitioner FCC a 30-day letter proposing to increase the income reported on its 1993 and 1994 returns in the amounts of $1,168,554 and $44,219,

---

[2] At the time the petition was filed, petitioners Hamilton and Mikes resided in Florida and the principal place of business of the corporate petitioners, FCC and SCC, was also in Florida.

respectively.  On October 3, 1997, 30-day letters were sent to SCC, Mikes, and Hamilton.  The letters proposed to increase Mikes's and Hamilton's income for 1993 and 1994 by the amounts of $2,680,313 and $2,253,256 respectively and to increase the income of SCC by $272,840 for 1993 and $74,426 for 1994.  Those proposed changes would have resulted in deficiencies for Mikes and Hamilton of $398,101 for 1993 and $130,892 for 1994.

On March 27, 1998, a reviewer in respondent's Quality Measurement Staff submitted a proposed notice of deficiency (the reviewer's proposal) with respect to the 1993 and 1994 Federal income tax returns of Mikes and Hamilton.  The reviewer's proposal was to be reviewed by the Office of District Counsel (District Counsel) in Jacksonville, Florida.  The reviewer's proposal recommended an increase in the income reported on the 1993 and 1994 returns of FCC and SCC and also proposed increases to the income reported on the 1993 and 1994 returns of Mikes and Hamilton in the amounts of $2,698,549 and $2,300,647, respectively.

On May 29, 1998, District Counsel rejected the reviewer's proposal and advised her to obtain petitioners' agreement to extend the statutory period of limitations for assessment, which would allow the staff time to further explore the facts of the case.  Petitioners consented to extend the statutory period of limitations until June 30, 1999.  Consequently, respondent did

not send petitioners any notice of deficiency, nor did respondent issue the reviewer's proposal to petitioners.

During 1998 and 1999, respondent issued to each petitioner at least three revised 30-day letters proposing adjustments to their 1993 and 1994 reported income. Upon receipt of the final 30-day letters, petitioners protested the proposed adjustments to respondent's Appeals Office.

The parties settled the case sometime in April 2000, without respondent issuing either a notice of deficiency or an Appeals Office notice of decision. Pursuant to the settlement, the parties agreed that petitioners owed no additional taxes for either 1993 or 1994 and in fact were entitled to a refund for 1995.

Petitioners filed a request for administrative costs under section 7430 with respondent, and respondent denied their request on February 28, 2002. Consequently, petitioners timely filed their petition with this Court on May 29, 2002, under section 7430(f) and Rule 271, for administrative costs they incurred after January 18, 1999.[3]

On May 27, 2003, respondent filed a motion for summary judgment claiming that petitioners were not entitled, as a matter

---

[3] Jan. 18, 1999, is the effective date for the amendments to sec. 7430(c)(2) under the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101(b), 112 Stat. 728.

of law, to recover administrative costs because respondent never took a "position" in the proceedings.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d). We conclude that there is no genuine issue of material fact precluding us from resolving the question raised in respondent's motion.[4]

---

[4] No hearing was requested, and none is required. Rule 232(a). We therefore dispose of the petition without a hearing or further written submissions.

## Discussion

Section 7430 has been amended several times since it was enacted in 1982.[5] Which provisions (and therefore which amendments) apply in a given case depends on when the proceeding was commenced and the period within which the claimed costs were incurred. Because this proceeding was commenced on May 29, 2002, and the costs were incurred after January 18, 1999, the amendments to section 7430(c)(2) made by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101(b), 112 Stat. 727 apply. In addition, we are asked to interpret the amendment in 1996 to section 7430(c)(4) made by the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1463-1464.

We begin by discussing the general, operative provisions of section 7430, then discuss the amendments made in TBOR 2 and RRA 1998. We then analyze the arguments each party made, and we conclude that petitioners cannot recover administrative costs.

---

[5] Sec. 7430 was enacted in 1982 to allow certain prevailing parties to recover reasonable litigation costs (but not administrative costs) in cases brought by or against the United States to determine, collect, or refund any tax, interest, or penalty. The Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 572. Sec. 7430 was expanded in 1988 to allow for the recovery of reasonable administrative costs. The Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239(a), 102 Stat. 3743-3746.

I.    <u>Section 7430</u>

Recovery of administrative costs is governed by section 7430(a), which permits a taxpayer who is a "prevailing party" in any administrative proceedings brought by or against the United States to recover reasonable administrative costs incurred by him or her in connection with such proceedings.  See sec. 7430(a)(1). To be a "prevailing party", the taxpayer must, inter alia, substantially prevail with respect to the amount in controversy or the most significant issue or set of issues presented.  Sec. 7430(c)(4)(A).[6]  A taxpayer will not qualify as a prevailing

---

[6] SEC. 7430(c) provides in part:

   (4)  Prevailing party.--

      (A) In general.--The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--

         (i) which--

            (I) has substantially prevailed with respect to the amount in controversy, or

            (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

         *    *    *    *    *    *    *

      (B) Exception If United States Establishes That Its Position Was Substantially Justified.--

         (i) General Rule.--A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes
(continued...)

party, however, if the Government establishes that "the position of the United States" was substantially justified.  See sec. 7430(c)(4)(B).  The "position of the United States" is, in turn, defined in section 7430(c)(7) as the position taken by the Government in an administrative proceeding as of the earlier of: (1) The date of receipt by the taxpayer of the notice of decision of the Appeals Office, or (2) the date of the notice of deficiency.  Thus, prior to the issuance of a notice of deficiency or an Appeals Office decision, the Government is not considered as having taken any position.  See, e.g., Richardson v. Commissioner, T.C. Memo. 1991-427 ("we cannot consider the conduct of the revenue agent prior to * * *  [date of notice of deficiency].");  Nathaniel v. United States, 69 AFTR 2d 456, 92-1 USTC par. 50,023 (E.D. Cal. 1991) ("The plain language of section 7430(c)(7) precludes the court from considering the position taken by the United States in the administrative proceedings * * * [prior to] the date of a notice of deficiency or the date of the receipt by the taxpayer of a notice of a decision of the Office of Appeals").

Respondent argues that because no notice of deficiency or Appeals Office decision was ever issued to petitioners, no "position of the United States" had been taken that can be shown

---

6(...continued)
        that the position of the United States in the
        proceeding was substantially justified.

to be substantially justified under section 7430(c)(4)(B).
Accordingly, respondent contends, petitioners cannot qualify as a
prevailing party under section 7430(c)(4) and cannot therefore
recover administrative costs.

Respondent's contention presupposes, of course, that before
a taxpayer can qualify as a "prevailing party" under section
7430(c)(4), the Government must take a position as defined in
section 7430(c)(7), i.e., issue a notice of deficiency or an
Appeals Office decision.  This is the first time we are asked to
determine this issue since section 7430(c)(4) was amended by TBOR
2 in 1996, and we turn to it now.

A.    Pre TBOR 2 Section 7430(c)(4)

Prior to the TBOR 2 amendment to section 7430(c)(4), the
taxpayer had to substantially prevail and, in addition, had the
burden of establishing that the "position of the United States"
in the proceedings was not substantially justified.[7]  If the

_____

[7]  Prior to the TBOR 2 amendment, sec. 7430(c)(4) read, in
relevant part, as follows:

SEC. 7430(c)(4).  Prevailing Party.--

(A) In General.--The term "prevailing party"
means any party in any proceeding to which
subsection (a) applies (other than the United
States or any creditor of the taxpayer involved)--

(i) which establishes that the position of the
United States in the proceeding was not substantially
justified,

(continued...)

Government had not taken a position as defined in section 7430(c)(7), the taxpayer could not meet his or her burden of showing that such position was not substantially justified and could not recover administrative costs. See Ball v. Commissioner, T.C. Memo. 1995-520 (noting that section 7430(c)(7) "does not allow an award of administrative costs for a position * * * [the Commissioner] takes before * * * [the Commissioner] issues the notice of deficiency or Appeals issues a notice of decision"); In re ACME Music Co., 208 Bankr. 838, 842 n.3 (Bankr. W.D. Pa. 1997) ("until * * * [an Appeals Office decision] is received by a taxpayer or a deficiency notice is issued, the I.R.S. does not take any position in an administrative proceeding and administrative costs cannot be recovered in any event").

B.    TBOR 2 Amendment to Section 7430(c)(4)

Congress amended section 7430(c)(4) in TBOR 2 to shift to the Government the burden of establishing that its position was substantially justified. Congress shifted the burden by amending section 7430(c)(4)(B) to provide that a taxpayer cannot be a prevailing party if the Government demonstrates that its position

---

[7](...continued)
                (ii) which--

                        (I) has substantially prevailed with respect
                to the amount in controversy, or

                        (II) has substantially prevailed with respect
                to the most significant issue or set of issues
                presented, and * * *

was substantially justified.  In doing so, it eliminated any direct reference to the "position of the United States" in section 7430(c)(4)(A).  In its current form, therefore, the language of section 7430(c)(4)(A) only requires that the taxpayer show that he or she substantially prevailed.[8]  Although the language of section 7430(c)(4)(A) no longer mentions the "position of the United States", we interpret the section to require that such a position be taken before a taxpayer can qualify as a prevailing party.

We interpret the language of section 7430(c)(4) by examining all subsections of section 7430.  It is a central tenet of statutory construction that, when interpreting any one provision of a statute, the entire statute must be considered.  See, e.g., Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 36 (1998); Huffman v. Commissioner, 978 F.2d 1139, 1145 (9th Cir. 1992) (The guiding principle in analyzing the plain meaning of section 7430 is that the entire statute must be examined as a whole, with all of its sections and subsections in mind), affg. T.C. Memo. 1991-144.  We turn now to analyzing section 7430(c)(4).

---

[8] In order to be a "prevailing party," a taxpayer must also satisfy certain net worth requirements.  See sec. 7430(c)(4)(A)(ii).  The net worth requirements are not at issue, however, in this motion for summary judgment action.

Subparagraphs (A) and (B) of section 7430(c)(4) together set forth circumstances in which a taxpayer is allowed to recover administrative costs.  Under subparagraph (A), a taxpayer who substantially prevails with respect to the amount in controversy or issues presented will be a prevailing party <u>unless</u> the Government shows, under subparagraph (B), that its position was substantially justified.  Subparagraph (B) of section 7430(c)(4) is not independent from subparagraph (A) but is instead a condition on which the recovery of administrative costs depends. If the Government establishes that its "position" was substantially justified, the taxpayer cannot be a prevailing party.  Thus, even though the TBOR 2 amendment removed any direct reference to the term "position" in section 7430(c)(4)(A), there still must be an analysis of whether the Government has taken a position as that term is defined in subsection (c)(7) in evaluating whether a taxpayer is a prevailing party under subsection (c)(4).

Indeed, any contrary construction--that a "position" as defined in section 7430(c)(7) is not necessary for a taxpayer to qualify as a "prevailing party"--would run contrary to the purpose behind the TBOR 2 amendment.  If no "position" is required, taxpayers would always qualify as prevailing parties before a notice of deficiency or Appeals Office decision had been issued.  This would result from the Government's inability to

show that the stance it had taken in the proceedings was substantially justified because it would not be considered to have taken a "position" under section 7430(c)(7). Taxpayers would therefore be able to recover administrative costs incurred before the issuance of a notice of deficiency or Appeals Office decision, whether or not the Government's position was substantially justified. There is no indication that the TBOR 2 amendment was designed to have such an effect.

The TBOR 2 amendment sought to shift to the Government the "burden of proof to establish that it was substantially justified in maintaining its position against the taxpayer." H. Rept. 104-506, at 37 (1996), 1996-3 C.B. 49, 85. There is no indication that the amendment was intended, in addition to shifting the burden to the Government, to prevent the Government from showing that its position was substantially justified.

Likewise, nothing in the legislative history to TBOR 2 suggests that the amendment to section 7430(c)(4)(A) was intended to alter the effect of section 7430(c)(7). We have previously found that the effect of subsection (c)(7) is to "protect the Commissioner from claims by taxpayers that positions taken by, for example, the Examination or Collections Division personnel, before issuance of a notice of deficiency or of the decision of Appeals, are not substantially justified." Ball v. Commissioner,

supra.[9]  The TBOR 2 amendment to section 7430(c)(4) is consistent
with the congressional intent of immunizing the Government
against claims for costs until the IRS's position has
crystallized in an Appeals Office decision or notice of
deficiency.

## II.  The Parties' Arguments

Respondent maintains that since no Appeals Office decision
or notice of deficiency was ever issued to petitioners,
petitioners do not qualify as "prevailing parties" for purposes
of section 7430(c)(4) and cannot recover administrative costs.[10]
In response, petitioners assert that respondent did take a
"position".  Respondent's position was manifested in:  (1) The

---

[9] Sec. 7430(c)(7) serves to protect the IRS from liability
before the Appeals Office gets involved.  The Appeals Office is
the forum for the compromise of disputes between taxpayers and
the IRS, and it is the first stage within the IRS at which the
proposed adjustments are fully reviewed and which expressly takes
into account the hazards of litigation.

[10] We disagree with respondent that Estate of Gillespie v.
Commissioner, 103 T.C. 395 (1994), and Belshee v. Commissioner,
T.C. Memo. 1999-380, establish that petitioners are not entitled
to recover costs prior to the issuance of a notice of deficiency
or an Appeals Office decision.  These cases denied the taxpayers'
requests to recover costs on the grounds that such costs were not
incurred during a period for which recovery was permitted under
sec. 7430(c)(2).  These cases did not address whether the
taxpayers were prevailing parties under subsec. (c)(4).
Furthermore, these cases were decided on the basis of sec.
7430(c)(2) before it was amended by RRA 1998 to allow taxpayers
to recover costs incurred on or after the date of mailing of the
first letter of proposed deficiency.  Because we interpret sec.
7430(c)(2) in light of its amendment by RRA 1998, the logic of
Estate of Gillespie and Belshee is not dispositive of whether
petitioners are entitled to recover administrative costs.

30-day letters sent to petitioners during September and October
of 1997;[11] and (2) the reviewer's proposal, dated March 27, 1998.

A.    The Initial 30-Day Letters

Although petitioners acknowledge respondent issued 30-day
letters to them during September and October of 1997, petitioners
fail to develop this theory or make any comprehensible argument
regarding the 30-day letters.  Congress amended section 7430(c)
in RRA 1998 to incorporate 30-day letters.  We now address
whether our conclusion that administrative costs are not
recoverable unless the Government takes a "position" either in a
notice of deficiency or an Appeals Office decision is at odds
with the RRA 1998 amendment to section 7430(c).

In RRA 1998, Congress amended section 7430(c)(2), which
defines the term "reasonable administrative costs", to include
costs incurred from the "the date on which the 1st letter of
proposed deficiency [the 30-day letter] which allows the taxpayer
an opportunity for administrative review in the Internal Revenue
Service Office of Appeals is sent."  Sec. 7430(c)(2).  Prior to
the RRA 1998 amendment, "reasonable administrative costs" were
limited to those incurred after the date of the notice of
deficiency or Appeals Office decision (i.e., the same instances

---

[11] Petitioners' arguments with respect to the 30-day letter
are confusing and incomprehensible.  Because 30-day letters were
issued in this case, we take this opportunity to address the
amendment RRA 1998 made to sec. 7430(c)(2).

in which the Government is defined as having taken a position under section 7430(c)(7)).  The RRA 1998 amendment, therefore, expanded the definition of "reasonable administrative costs" to include costs incurred from an earlier date.  While the RRA 1998 amendment moves the point in time in which administrative costs come within section 7430(c)(2), the RRA 1998 amendment does not move the point in time in which the Government is considered to have taken a position in section 7430(c)(7).  Accordingly, the RRA 1998 amendment does not permit recovery of administrative costs in situations where no notice of deficiency or Appeals Office decision has been issued.

Our interpretation of the RRA 1998 amendment to section 7430(c)(2) is consistent with section 7430(c)(4).  First, paragraphs (4) and (2) of subsection (c) serve different functions in the statutory scheme governing the recovery of administrative costs.  Section 7430(c)(4) governs the determination of <u>whether</u> a taxpayer is a prevailing party entitled to recover administrative costs.  Section 7430(c)(2), on the other hand, defines <u>what</u> costs are recoverable by a taxpayer who otherwise qualifies as a prevailing party under section 7430(c)(4).  Stated simply, if a taxpayer does not qualify as a prevailing party (e.g., because the Government never took a "position" under 7430(c)(7) by issuing a notice of deficiency or Appeals Office decision), he or she cannot recover any

administrative costs, regardless of when such costs were incurred.

Further, while the legislative history to the RRA 1998 amendment contains language that may be interpreted to include the 30-day letter among the instances in which the Government will be considered to have taken a "position", such an interpretation is inconsistent with the plain language of section 7430(c)(7). In addition, such an interpretation is contrary to congressional action taken during the legislative process in enacting the RRA 1998 amendment to section 7430.

The House and Senate reports accompanying the RRA 1998 amendment to section 7430 contain the following language:

> The Committee believes that taxpayers should be allowed to recover the reasonable administrative costs they incur where the IRS takes a position against the taxpayer that is not substantially justified, beginning at the time that the IRS establishes its initial position by issuing [the 30-day letter] * * *. S. Rept. 105-174 at 47 (1998), 1998-3 C.B. at 537, 583; H. Rept. 105-134 (1997), 1998-3 C.B. 373, 430.

This legislative history can be read as extending the period for accrual of recoverable costs under section 7430(c)(2) to the date on which the 30-day letter is sent. This legislative history cannot be as easily read as indicating Congress's intent to alter the time at which the Government is considered to have taken a section 7430(c)(7) "position" for purposes of section 7430(c)(4). Indeed, the Statement of Managers (Conference Report) to the RRA 1998 amendment to section 7430 merely states

that the bill "[m]oves the point in time after which reasonable administrative costs can be awarded to the date on which the * * * [30-day letter] is sent".  H. Conf. Rept. 105-599, at 243 (1998), 1998-3 C.B. 747, 997.

Any interpretation that the 30-day letter constitutes a "position" of the Government conflicts with the plain language of section 7430(c)(7).  The language of section 7430(c)(7) does <u>not</u> include the 30-day letter among the instances in which the Government is considered to have taken a "position".  Rather, the "position" of the Government is defined as that taken in the notice of deficiency or Appeals Office decision.  It is an established rule of statutory construction that where there is a conflict between portions of the legislative history and the words of the statute, the language in the statute controls.  <u>In re Sinclair</u>, 870 F.2d 1340, 1341 (7th Cir. 1989).  The words Congress chooses to put in the statute "represent the constitutionally approved method of communication."  <u>Kaiser Steel Corp. v. Pearl Brewing Co.</u>, 952 F.2d 1230, 1241 (10th Cir. 1991); <u>Lenz v. Commissioner</u>, 101 T.C. 260, 268 (1993).  "[U]nequivocal evidence" of legislative purpose reflected in the legislative history is required "to override the ordinary meaning of the statute." <u>Kaiser Steel Corp. v. Pearl Brewing Co.</u>, <u>supra</u> at 1241. In this case, not only is "unequivocal evidence" in support of reading the 30-day letter into subsection (c)(7) clearly absent,

but several factors support the opposite conclusion––Congress specifically rejected adding the 30-day letter to the instances in which the Government is considered to have taken a position.

The first factor we rely upon to find that Congress specifically rejected adding the 30-day letter to the definition of "position" in section 7430 is that Congress failed to amend subsection (c)(7) in RRA 1998 even though Congress amended subsection (c)(2) to include within the definition of "reasonable administrative costs" those costs incurred on or after the date on which the 30-day letter is sent. "Where language is included in one section of a statute but omitted in another section of the same statute, it is generaly presumed that the disparate inclusion and exclusion was done intentionally and purposely." United States v. Lamere, 980 F.2d 506, 513 (8th Cir. 1992); see also 2B Singer, Sutherland Statutory Construction, sec. 51.02, at 122-123 (5th ed. 1992).  More substantial evidence exists here to persuade us that we cannot attribute Congress' failure to amend subsection (c)(7) to mere congressional inadvertence or oversight.

First, the original version of the RRA 1998[12] amendment to section 7430 included an amendment to subsection (c)(7) that mirrored that of subsection (c)(2).  This proposed amendment

---

[12] RRA 1998 was originally introduced as the Internal Revenue Service Restructuring and Reform Act of 1997.  H.R. 2292, 105th Cong., 1st Sess. (1997).

would have added the issuance of the 30-day letter to the instances in which the Government is defined as having taken a "position". See H.R. 2292, sec. 301(B), 105th Cong., 1st Sess. (1997); S. 1096, sec. 301(B), 105th Cong., 1st Sess. (1997). This proposed amendment to subsection (c)(7) never became law, however. It was omitted from subsequent versions of the bill.

In instances such as this, where language is included in an earlier version of a bill but is deleted prior to enactment, we may presume that the deletion was intentional. See Keene Corp. v. United States, 508 U.S. 200, 208 (1993); Russello v. United States, 464 U.S. 16, 23-24 (1983). At a minimum, the attempt to amend subsection (c)(7) demonstrates that Congress was aware of this provision, but chose not to amend it.

Further, Congress received testimony from both the Administration and the private sector during congressional hearings on the RRA 1998 amendment to section 7430. See testimony of Donald Lubick, Assistant Secretary of Treasury (Tax Policy), Hearings on H.R. 2292, 105th Cong., 1st. Sess. (Sept. 26, 1997). The American Bar Association (Tax Section) specifically requested that Congress amend section 7430(c)(7) to add the 30-day letter to the situations in which the Government is defined as having taken a position. See testimony of Pamela F. Olson, Vice Chair, Committee Operations, Section of Taxation, American Bar Association, Hearings on H.R. 2292, 105th Cong., 1st

Sess. (Sept. 26, 1997), reprinted in 97 TNT 188-76 ("We recommend that Congress also amend the definition of 'position of the United States' * * * [to refer] to the date of the issuance of the first notice of proposed deficiency").  Despite having the specific fact called to Congress's attention, Congress passed the RRA 1998 legislation without making any conforming amendment to section 7430(c)(7).

Moreover, we are mindful that the RRA 1998 amendment to section 7430 is not the first time Congress rejected adding the 30-day letter to section 7430(c)(7).  The first time Congress rejected adding the 30-day letter to section 7430(c)(7) was in TAMRA in 1988.  The Senate amendment in TAMRA to section 7430(c)(7) would have included the 30-day letter as a "position" of the Government under section 7430(c)(7).  As with the proposed RRA 1998 amendment to section 7430(c)(7), Congress rejected the proposed amendment to section 7430(c)(7) in TAMRA.  See H. Conf. Rept. 100-1104 (Vol. II), at 225-226 (1988), 1988-3 C.B. 473, 715-716.  In addition, despite the numerous amendments to section 7430 since the section was first enacted in 1982, the "position of the United States" has never been defined in section 7430(c)(7) to include the 30-day letter.  We find this fact compelling.

If Congress had wanted the "position of the United States" to include the 30-day letter, it could have explicitly said so.

This Court is "not at liberty to supply by construction what Congress has clearly shown its intention to omit." Carey v. Donohue, 240 U.S. 430, 437 (1916); see also INS v. Cardoza-Fonseca, 480 U.S. 421, 442-443 (1987) ("Few principles of statutory construction are more compelling than the proposition that Congress does not intend sub silentio to enact statutory language that it has earlier discarded in favor of other language"). The fact that Congress considered an amendment to section 7430(c)(7) to allow recovery of administrative costs in situations before the issuance of a notice of deficiency or Appeals Office decision, but chose not to do so convinces us that it would be inappropriate to interpret the RRA 1998 amendment of section 7430(c)(2) by grafting a concomitant amendment onto section 7430(c)(7).

Finally, we note that neither section 7430(c)(2) nor section 7430(c)(7) is rendered meaningless, or is otherwise contradicted, by the other. All parts of a statute must be read together, and each part should be given its full effect. See McNutt-Boyce Co. v. Commissioner, 38 T.C. 462, 469 (1962), affd. per curiam 324 F.2d 957 (5th Cir. 1963). We find no reason why the language of each should not be given its full effect. Accordingly, we interpret section 7430(c)(7) to limit recovery of administrative costs to those situations in which a notice of deficiency or Appeals Office decision has been issued. In these situations and

these situations alone, section 7430(c)(2) allows for the recovery of administrative costs incurred from the date of the 30-day letter.

B.    The Reviewer's Proposal

Petitioners claim that respondent did take a "position" as manifested in the reviewer's proposal.  Specifically, petitioners argue that the reviewer's proposal constitutes a "notice of deficiency" for purposes of section 7430(c)(7) and that, accordingly, the date on which it was submitted for review to the District Counsel, namely March 27, 1998, is the date on which respondent took a position.  We disagree.

The reviewer's proposal is not a notice of deficiency for purposes of section 7430(c)(7).  A statutory notice of deficiency has a specific, technical meaning.  A "notice of deficiency" is defined in section 6212(a) as a notice from the Secretary sent to the taxpayer by certified or registered mail in which the Secretary has determined that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44. See Shut Out Dee-Fence, Inc. v. Commissioner, 77 T.C. 1197, 1200- 1201 (1981).  The plain language of section 6212(a) requires that the notice, at a minimum, indicate that the Commissioner determined that a deficiency exists for a particular year, specify the amount of the deficiency, and be sent to the

taxpayer. See <u>Benzvi v. United States</u>, 787 F.2d 1541 (11th Cir. 1986).

In this case, respondent never determined a deficiency for any particular year and never sent the reviewer's proposal to petitioners. Accordingly, the reviewer's proposal does not constitute a "notice of deficiency" within the meaning of section 7430(c)(7). See also <u>Estate of Gillespie v. Commissioner</u>, 103 T.C. 395, 397 (1994) (30-day letter not a notice of deficiency for purposes of section 7430).

Petitioners further contend that the term "notice of deficiency" in section 7430(c)(7) should not be given the same meaning it has under section 6212, and that for purposes of section 7430(c)(7)(B)(ii) it is inconsequential that the reviewer's proposal was neither issued nor sent to them. Again, we disagree.

We have previously found, and the Regulations provide, that the meaning of the term "notice of deficiency" in section 7430(c) is the same as the meaning of that term in section 6212. See <u>Estate of Gillespie v. Commissioner</u>, <u>supra</u>; sec. 301.7430-3(c)(3), Proced. & Admin. Regs.. Under well-established rules of statutory construction, identical words used in different parts of the same statute are to be given a similar meaning in the absence of a contrary legislative intent. See <u>Helvering v. Stockholms Enskilda Bank</u>, 293 U.S. 84, 87 (1934). We find no

reason for interpreting the term "notice of deficiency" in section 7430(c)(7) differently from the meaning of that term under section 6212.  See <u>Barnhill v. Johnson</u>, 503 U.S. 393, 406 (1992); <u>Sorenson v. Secy. of Treasury</u>, 475 U.S. 851, 860 (1986).

C.   <u>Conclusion</u>

In conclusion, given that petitioners were never issued a notice of deficiency or an Appeals Office notice, we find that respondent never took a position for purposes of section 7430(c)(4) and that petitioners are therefore not "prevailing parties" entitled to recover administrative costs under section 7430(a).

We have considered all of petitioners' contentions and arguments.  To the extent any contention or argument is not discussed, we find it to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.