T.C. Memo. 2009-53

UNITED STATES TAX COURT

DELYSIA B. GRONBECK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10750-07.                    Filed March 11, 2009.

<u>John E. Lahart</u>, for petitioner.

<u>Margaret Burow</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's motion for summary judgment under Rule 121.  Petitioner challenges respondent's denial of relief under section 6015(f) from unpaid tax liabilities of $44,398 reported on a jointly filed 2005 Federal income tax return.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioner resided in San Francisco, California.

Petitioner and her husband, Christian Gronbeck, Jr. (Christian), were married more than 50 years ago. Christian was a medical doctor and a partner in a medical practice in San Rafael, California. During their marriage petitioner was not gainfully employed and was a homemaker and a mother of two children. On June 28, 2006, Christian passed away.

In the 1970s Christian purchased a .1998-percent limited partnership interest in Cedar-Riverside Properties (CRP), a Minnesota limited partnership. Petitioner was aware that Christian purchased the interest in CRP.

In 2003 Christian suffered a stroke and was admitted to a residential medical facility.

On December 24, 2003, along with other property interests, Christian's legal interest in CRP was transferred to petitioner at petitioner's and Christian's request via an order of the Superior Court of the State of California for the County of Santa Barbara, Anacapa Division. The purpose of the transfer of property to petitioner was to qualify Christian for State and

Federal medical benefits while allowing petitioner to control the CRP and other property interests.

On their jointly filed Federal income tax returns for many years, petitioner and Christian reported losses relating to CRP.

On April 13, 2004, after an audit of CRP respondent determined that CRP constituted an improper tax shelter and that the CRP losses the CRP partners, including petitioner and Christian, had claimed over the years were improper.

On March 30, 2006, respondent and CRP's tax matters partner reached an agreement to settle the tax adjustments relating to CRP which respondent had determined.

Under the settlement respondent and CRP's tax matters partner stipulated that for 2005 the individual CRP partners who chose to participate in the settlement would recognize capital gain in the form of a deemed distribution under section 752(b) to the extent that each partner's total claimed CRP-related tax losses resulted in a negative capital account balance for the partner's CRP interest. Under the settlement the individual CRP partners would not have to pay statutory penalties and interest relating to the CRP loss deductions they had claimed in prior years, and the CRP partners would be taxed in 2005 at the capital gains tax rates applicable for 2005, which were lower than the capital gains tax rates applicable to many of the prior years.

Pursuant to and consistent with the above settlement, for 2005 petitioner and Christian filed a joint Federal income tax return and reported thereon long-term capital gain of $247,011 relating to the CRP-related losses they had claimed in prior years and to the deemed distribution under section 752(b) that was called for in the above settlement. The 2005 tax return reported a tax liability of $61,210, of which $44,398 remains unpaid. Their 2005 income tax return was signed by Barbara Allen, who was acting under a power of attorney for both petitioner and Christian.

On May 22, 2006, petitioner filed with respondent a request for equitable relief under section 6015(f) relating to the $44,398 unpaid tax liability. In her request petitioner claimed that she should be relieved of liability because she did not have any involvement with CRP. Petitioner also claimed that she could not pay the unpaid tax liability.

On September 15, 2006, respondent denied petitioner's section 6015(f) request. Respondent concluded that the $44,398 unpaid tax liability for 2005 related to income attributable to petitioner--namely, to the deemed distribution under section 752(b) which related to petitioner's ownership in 2005 of the CRP partnership interest.

On October 18, 2006, petitioner filed an appeal with respondent's Appeals Office relating to respondent's

September 15, 2006, denial of section 6015(f) relief. Petitioner claimed that the unpaid tax liability did not arise from income attributable to her but rather that it arose from Christian's ownership interest in CRP and the CRP-related losses claimed in years before 2005.

On May 3, 2007, respondent issued to petitioner a written notice of determination denying petitioner's request for section 6015(f) relief. Respondent determined that for 2005 the unpaid tax liability was attributable to petitioner because in 2005 petitioner was the owner of the CRP partnership interest. Respondent also determined that petitioner failed to establish that an economic hardship would result if she were held jointly liable for the 2005 unpaid tax liability.

## Discussion

When no material fact remains at issue, we may grant summary judgment as a matter of law. Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).

Equitable relief from joint liability for Federal income taxes may be available to a spouse when it would be inequitable to hold the spouse liable. Sec. 6015(f)(1). Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297, sets forth seven threshold conditions which a taxpayer seeking equitable relief from joint liability under section 6015(f) is required to satisfy. One of

the seven threshold conditions provides that the income must not be "attributable to" the spouse seeking relief. See id. sec. 4.01(7), 2003-2 C.B. at 297-298.[1]

Rev. Proc. 2003-61, sec. 4.01(7)(b), states that: "If the item is titled in the name of the requesting spouse, the item is presumptively attributable to the requesting spouse."

Petitioner argues that the income in question is attributable to Christian, and not to her, because Christian was the sole owner of the CRP partnership interest during the years when essentially all of the CRP partnership losses were claimed. We disagree.

In 2003 Christian transferred his interest in CRP to petitioner so that he could qualify for medical benefits. The ownership interest was not forced upon petitioner; rather, it was done voluntarily by Christian and by petitioner to take advantage of State and Federal law.

On the basis of the undisputed facts of this case (specifically the transfer of the CRP partnership interest to

---

[1] In describing, in part, the threshold condition in question, Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. 296, 297-298 states: "The income tax liability from which the requesting spouse seeks relief is attributable to an item of the [other] individual with whom the requesting spouse filed the joint return". There are four exceptions to this procedure. Petitioner, however, has not argued that any of these exceptions applies. The exceptions are: (a) Attribution due solely to the operation of community property law; (b) nominal ownership; (c) misappropriation of funds; and (d) abuse. Id.

petitioner for State and Federal law purposes), petitioner's legal ownership of the CRP partnership interest in 2005 requires attribution of the $44,398 unpaid tax liability reported on petitioner's 2005 Federal income tax return to petitioner. Petitioner is not eligible for relief under section 6015(f).

For the reasons stated, we shall grant respondent's motion for summary judgment.

<u>An appropriate order and decision will be entered for respondent</u>.