T.C. Memo. 2010-176


UNITED STATES TAX COURT


STUART A. GROSS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26902-07L.                    Filed August 5, 2010.


<u>Steven Mather</u> and <u>Elliott Kajan</u>, for petitioner.*

<u>Elaine Fuller</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner

seeks judicial review of respondent's determination to proceed

---

*  Brief amicus curiae was filed by <u>A. Lavar Taylor</u> as
attorney for the Center for the Fair Administration of Taxes.

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code and all Rule references are to the Tax
Court Rules of Practice and Procedure.

with a proposed levy to collect petitioner's unpaid Federal income tax liabilities for 1998, 1999, 2000, and 2001. The matter is presently before the Court on petitioner's motion for summary judgment and respondent's motion for partial summary judgment pursuant to Rule 121. We are asked to decide whether petitioner's interest in an ERISA-qualified pension plan was excluded from, or included in and exempted from, his chapter 7 bankruptcy estate.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California at the time he filed his petition.

## I. Petitioner's Bankruptcy Proceedings

On October 16, 2005, petitioner filed a petition under chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California. On the date he filed his bankruptcy petition, petitioner owned an interest in an ERISA-qualified pension plan from the Director's Guild of America (the DGA plan) valued at $300,000. Petitioner listed his interest in the DGA plan on Schedule B, Personal Property, attached to the bankruptcy petition. On Schedule C, Property Claimed as Exempt, also attached to the bankruptcy petition, petitioner listed as exempt the full value of his interest in the

DGA plan.  Petitioner included the following description on Schedules B and C:  "This is an ERISA Qualified Pension Plan which is not property of the estate but in an abundance of caution has been listed herein and exempted."

On December 16, 2005, the chapter 7 trustee filed his report in petitioner's bankruptcy case.  No objections to the exemptions claimed on petitioner's Schedule C were filed.  On June 2, 2006, the bankruptcy court entered an order of discharge pursuant to 11 U.S.C. sec. 727 (2006).  On August 7, 2006, the bankruptcy court entered an order closing petitioner's bankruptcy case.[2]

## II.  Respondent's Collection Efforts

On August 7, 2006, the same day petitioner's bankruptcy case was ordered closed, the IRS Insolvency Unit sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice).  The levy notice indicated that petitioner owed Federal income taxes for 1998, 1999, 2000, and 2001 which totaled $270,041.15.  Respondent, before the filing of petitioner's bankruptcy petition, had not filed a notice of

_____

[2]  The order stated:

> Order of Discharge in the above referenced case was entered on 6/2/06, and notice was provided to parties in interest.  Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed.

Federal tax lien (NFTL) with respect to any of the Federal income tax liabilities which were the subject of the levy notice. The parties stipulated that petitioner, as a result of the discharge in bankruptcy, has no present personal obligation to pay the Federal income tax liabilities.

III. Petitioner's CDP Hearing

Petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing). Petitioner disputed respondent's intent to levy on his future entitlement to an annuity from the DGA plan because he was not entitled to receive any benefit or distribution at present. Petitioner further asserted that future distributions from the DGA plan would be needed to pay for essential medical insurance and treatment because of his chronic medical conditions. Petitioner asserted he would offer an alternative resolution at the CDP hearing.

On October 29, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Therein respondent sustained the proposed levy because petitioner's interest in the DGA plan was excluded from petitioner's bankruptcy estate and petitioner did not make an acceptable proposal for payment or resolution of his Federal income tax liabilities. The memo attached to the notice of determination states: "The government * * * is not precluded

from attaching (or levying) assets excluded from the bankruptcy, in this case, Gross' ERISA account.  See 11 USC section 541; certain retirement savings accounts or pension plans may be excluded from the bankruptcy estate."

## Discussion

### I.  Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials of phantom factual issues.  See Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75 (2004), affd. 404 F.3d 1291 (11th Cir. 2005).  Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and that the issues presented by the motion(s) may be decided as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

### II.  The Parties' Arguments

Petitioner argues that the exclusion of his interest in an ERISA-qualified pension plan is permissive pursuant to Rains v. Flinn, 428 F.3d 893, 905-907 (9th Cir. 2005), and that he properly included the DGA plan account in his chapter 7 bankruptcy estate and claimed it as exempt without objection. Therefore, petitioner contends that respondent may not levy on

the DGA plan account because respondent did not file a valid NFTL.

Respondent argues that an ERISA-qualified pension plan account is per se excluded from the bankruptcy estate (i.e., exclusion is mandatory) and cannot be included in the bankruptcy estate, not even for the sole purpose of listing it as exempt. Respondent further argues that even if a debtor may include an ERISA-qualified pension plan account in the bankruptcy estate and claim it as exempt, petitioner did not do so. Instead, respondent takes the position that petitioner excluded the DGA plan account by describing it on his bankruptcy schedules as an "ERISA Qualified Pension Plan which is not property of the estate". Either way, in respondent's view the DGA plan account was excluded. Respondent concludes that therefore the statutory lien survives the bankruptcy and respondent may collect in rem from the DGA plan.

III. Analysis

The filing of a petition in bankruptcy automatically creates a bankruptcy estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case."[3] 11 U.S.C. sec. 541(a)(1) (2006). The bankruptcy estate includes all of the debtor's prepetition property and rights to

_____

[3] For a more comprehensive discussion on the sec. 6321 lien and the effect of bankruptcy on the sec. 6321 lien, see Wadleigh v. Commissioner, 134 T.C. __, __ (2010) (slip op. at 19-23).

property except property excluded from the estate under 11 U.S.C. sec. 541 (2006). Title 11 U.S.C. sec. 541(c)(2), as interpreted in Patterson v. Shumate, 504 U.S. 753, 760 (1992), permits a debtor to exclude an interest in an ERISA-qualified pension plan from his bankruptcy estate.[4]

In addition, 11 U.S.C. sec. 522 allows a debtor to exempt from his bankruptcy estate certain property, including retirement funds, to ensure that the debtor has at least some property with which to make a fresh start. Carlson v. Commissioner, 116 T.C. 87, 102 (2001). Property that is exempt from the bankruptcy estate pursuant to 11 U.S.C. sec. 522 is not available to satisfy prepetition debts during or after the bankruptcy, except debts secured by liens that are not avoided in the bankruptcy and section 6321 liens with respect to which an NFTL has been filed. 11 U.S.C. sec. 522(c).

Unlike exempt property, excluded property never becomes part of the bankruptcy estate and is therefore never subject to the bankruptcy estate trustee's or the debtor's power to avoid the section 6321 lien. Thus if a section 6321 lien on excluded

---

[4] In Patterson v. Shumate, 504 U.S. 753, 762 (1992), the Supreme Court held that "a debtor may exclude his interest in an ERISA-qualified pension plan from the bankruptcy estate". The bankruptcy trustee in Patterson argued that the Court's holding rendered 11 U.S.C. sec. 522(d)(10)(E) superfluous, but the Court rejected the argument, observing that 11 U.S.C. sec. 522(d)(10)(E) "exempts from the bankruptcy estate a much broader category of interests than * * * [11 U.S.C. sec.] 541(c)(2) excludes." Id.

property has not expired or become unenforceable under section 6322, it survives the bankruptcy.[5]  <u>Wadleigh v. Commissioner</u>, 134 T.C. __, __ (2010) (slip op. at 22).

As we noted in <u>Wadleigh v. Commissioner</u>, <u>supra</u> at __ n.10 (slip op. at 21) (citing <u>In re Stevens</u>, 177 Bankr. 619, 620 n.2 (Bankr. E.D. Ark. 1995)), there is no formal procedure within the bankruptcy process to clarify what property is excluded, and confusion has resulted from this lack of clarity.  Simply listing an ERISA-qualified pension plan account, an excludable asset, on Schedule C is not necessarily sufficient to claim an exemption if all of the facts, including any statements made on the bankruptcy schedules, indicate that the debtor excluded the ERISA-qualified pension plan account from his bankruptcy estate.  See <u>id.</u> at __ n.10 (slip op. at 21); cf. <u>Klein v. Chappell</u>, 373 Bankr. 73, 77 (B.A.P. 9th Cir. 2007) (citing <u>Hyman v. Plotkin</u>, 967 F.2d 1316, 1319 n.6 (9th Cir. 1992) (ambiguity in the bankruptcy schedules is to be construed against the debtor)).

Petitioner was granted a discharge in bankruptcy on June 2, 2006.  On Schedule C of his bankruptcy petition, petitioner stated that the DGA plan account was not property of the estate but in an abundance of caution was listed on the bankruptcy

---

[5]  The Commissioner has taken the position that "A Notice of Federal Tax Lien need not be on file to pursue collection against assets excluded from the bankruptcy estate."  Internal Revenue Manual pt. 5.9.2.9.1.1(2) (Mar. 1, 2007).

schedules and claimed as exempt.  Clearly petitioner intended to foreclose his creditors from reaching the DGA plan account in the bankruptcy proceedings.  On the basis of the record before us and our review of 11 U.S.C. sec. 541, we conclude that petitioner's pension plan account was properly excludable from his bankruptcy estate under 11 U.S.C. sec. 541(c)(2) and <u>Patterson v. Shumate</u>, <u>supra</u>, and that petitioner excluded the pension plan account from his bankruptcy estate.  See <u>Wadleigh v. Commissioner</u>, <u>supra</u> at __ (slip op. at 5) (debtor excluded ERISA-qualified pension plan claimed as exempt on Schedule C on basis of attached statement).[6] As a result, the section 6321 lien that attached to the pension plan account before bankruptcy continued to attach to petitioner's interest in his pension even after petitioner's personal liability for his tax liabilities was discharged in bankruptcy.

---

[6]  In <u>Wadleigh v. Commissioner</u>, <u>supra</u> at __ (slip op. at 5), the debtor included the following statement:

> "The interest in the Honeywell Pension Plan is claimed as exempt to the extent, if any, that said Pension Plan is property of the estate, and the claims of exemption include any increases in the value of Debtors' interests therein.  Debtors contend that their interest in the Honeywell Plan are [sic] excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2); <u>Patterson v. Shumate</u>, 504 U.S. 753 (1992)."

We find petitioner's statement that the DGA plan account was not property of the estate but was listed therein and exempted out of an abundance of caution to be essentially the same, taking into account its necessary implication, as the debtor's more explicit statement in <u>Wadleigh</u>.

IV.  <u>Conclusion</u>

Petitioner excluded his DGA plan account from his bankruptcy estate.  Accordingly there is no need to decide whether the exclusion of an ERISA-qualified pension plan account from a bankruptcy estate is mandatory or permissive.  To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion for summary judgment and granting respondent's motion for partial summary judgment</u>.