[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-12302

_____

Tax Court Docket No. 9160-02

FLORIDA COUNTRY CLUBS, INC.,
SUNCOAST COUNTRY CLUBS, INC.,
DEBORAH A. HAMILTON,
JAMES R. MIKES,

Plaintiffs-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee.

_____

Appeal from a Decision of the
United States Tax Court

_____

**(March 31, 2005)**

Before MARCUS, FAY and SILER[*], Circuit Judges.

SILER, Circuit Judge:

_____

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

## INTRODUCTION

Taxpayers Florida Country Clubs, Inc., and Suncoast Country Clubs, Inc., both Subchapter S corporations, and James R. Mikes and Deborah A. Hamilton appeal the tax court's determination that they are not entitled to recover costs under 26 U.S.C. § 7430. Because the tax court correctly found that the United States did not take a position in this case, and because the Taxpayers concede that they may not recover costs if the United States did not take a position, we AFFIRM.

## BACKGROUND

In December 1995, the IRS began an audit of Florida Country Clubs, Inc. for the 1993 and 1994 tax years. Shortly thereafter, the IRS expanded the audit to include Suncoast Country Clubs, Inc., and Mikes and Hamilton, who at the time were married and were the sole shareholders of Florida Country Clubs and Suncoast Country Clubs. In May 1999, the audit was further expanded to include the 1995 tax year for the Taxpayers.

In September and October 1997, the IRS sent 30-day letters that proposed to increase the incomes that Mikes and Hamilton had reported in 1993 and 1994.[1]

---

[1] A "30-day letter" is a common term for a letter of "proposed deficiency which allows the taxpayer an opportunity for administrative review in the [IRS] Office of Appeals." See 26 U.S.C. § 7430(c)(2)(B). Under § 7430(c)(2)(B), as amended by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, § 3101(b), 112 Stat. 685, 728, a prevailing party may be able to recover costs that were incurred after the date on which such a letter was sent.

Because Florida Country Clubs and Suncoast Country Clubs are S corporations, their

These letters provided the Taxpayers with an opportunity for administrative review in the IRS Office of Appeals. The Taxpayers responded to the letters and contested the proposed changes to their incomes; however, they decided not to appeal to the IRS Office of Appeals because they believed that "the examiner's positions on behalf of [the IRS] were so erroneous that the appeal process would be useless." They understood that the IRS would send notices of deficiency, which would allow them to bring suit in the tax court.[2]

In March 1998, a proposed notice of deficiency was drafted and submitted to the IRS District Counsel. The District Counsel advised that the Taxpayers' agreement to extend the statutory period of limitations for assessment should be obtained to allow further exploration of the case. It further instructed that the notice of deficiency be delayed until certain factual development had been completed, but not beyond the limitations period. Because the Taxpayers agreed to extend the statutory period of limitations, the IRS did not send the Taxpayers this proposed notice of deficiency. The dispute continued, however, and the IRS issued

incomes and expenses generally pass through to their shareholders, Mikes and Hamilton. See 26 U.S.C. §§ 1363 & 1366; Fehlhaber v. C.I.R., 954 F.2d 653, 654 (11th Cir. 1992). As a result, these entities have no tax liability and therefore would not receive either a 30-day letter or a notice of deficiency.

[2] A notice of deficiency has been described as a taxpayer's ticket to the tax court. See, e.g., Benzvi v. C.I.R., 787 F.2d 1541, 1544 (11th Cir. 1986) (quoting Corbett v. Frank, 293 F.2d 501, 502 (9th Cir. 1961)).

revised 30-day letters in 1998 and 1999, proposing adjustments to the 1993 and 1994 incomes.

The parties settled the tax dispute in April 2000, before the IRS had issued either an Office of Appeals notice of decision or a notice of deficiency. According to this settlement, the Taxpayers owed no additional taxes for 1993 and 1994 and were entitled to a refund for 1995.

The Taxpayers subsequently filed with the IRS a request for administrative costs under 26 U.S.C. § 7430. This request was denied, as the IRS determined that the Taxpayers could not be prevailing parties because the IRS's position was substantially justified. Thereafter, the Taxpayers filed a petition with the tax court to recover costs under this provision.

The tax court granted summary judgment to the IRS and held that the IRS had not taken a position in the administrative proceeding, as defined by § 7430(c)(7)(B), because the Taxpayers did not receive a notice of decision from the Office of Appeals and the IRS did not send the Taxpayers a notice of deficiency. As a result, the tax court determined, the Taxpayers do not qualify as prevailing parties.

**ANALYSIS**

The tax court's grant of summary judgment is reviewed de novo. Roberts v.

4

C.I.R., 329 F.3d 1224, 1227 (11th Cir. 2003).  In particular, the tax court's interpretation of a statutory section of the Internal Revenue Code is a question of law that is reviewed de novo.  Coggin Automotive Corp. v. C.I.R., 292 F.3d 1326, 1329 (11th Cir. 2002).

The Taxpayers seek to recover their administrative costs under 26 U.S.C. § 7430, which provides in subsection (a):

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for . . .
> (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service.

Id. (emphasis added).

The term "prevailing party" is defined in § 7430(c)(4).  Such a party must, inter alia, "(I) ha[ve] substantially prevailed with respect to the amount in controversy, or (II) ha[ve] substantially prevailed with respect to the most significant issue or set of issues presented."  § 7430(c)(4).  Section 7430(c)(4)(B) provides an exception to the prevailing party definition, however.  "A party shall not be treated as the prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."  26 U.S.C. § 7430(c)(4)(B) (emphasis added).

The term "position of the United States" is defined in § 7430(c)(7).  In the

5

context of an administrative proceeding, it is:

> (B) the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of –
>> (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or
>> (ii) the date of the notice of deficiency.

Id.

The IRS argues that no position was taken in this case because neither a notice of deficiency nor a decision by the Office of Appeals was issued. As a result, it argues, the Taxpayers cannot be prevailing parties. The Taxpayers concede that they may not recover costs unless the United States took a position; however, they assert that the IRS did have a position in this case. They contend that the term "notice of deficiency" is not defined by the statute and, furthermore, that such notice does not have to be issued or sent to a taxpayer. To support this contention, they contrast the language referring to "the date <u>of the receipt</u> by the taxpayer of the notice" in subsection (c)(7)(B)(i) (emphasis added) with that referring to "the date of the notice" in subsection (c)(7)(B)(ii). The Taxpayers also argue that a notice of deficiency was unnecessary because the position of the United States was effectively communicated in the 30-day letters that were sent to the Taxpayers.

The tax court considered and rejected the Taxpayers' argument that the

position of the United States was disclosed in the 30-day letters and other communications to the Taxpayers. As correctly noted by the court, "[a]ny interpretation that the 30-day letter constitutes a 'position' of the [United States] conflicts with the plain language of section 7430(c)(7). The language of section 7430(c)(7) does <u>not</u> include the 30-day letter among the instances in which the [United States] is considered to have taken a 'position.'"

The tax court also considered and rejected the Taxpayers' argument that a proposed notice of deficiency was a position of the government. The court observed:

> A statutory notice of deficiency has a specific, technical meaning. A "notice of deficiency" is defined in section 6212(a) as a notice from the Secretary sent to the taxpayer by certified or registered mail in which the Secretary has determined that there is a deficiency. . . . The plain language of section 6212(a) requires that the notice, at a minimum, indicate that the Commissioner determined that a deficiency exists for a particular year, specify the amount of the deficiency, and be sent to the taxpayer. <u>See</u> <u>Benzvi v. United States</u>, 787 F.2d 1541 (11th Cir. 1986).

We agree. A proposed notice of deficiency, circulated only within the IRS and never sent to the Taxpayers is not a notice of deficiency for purposes of 26 U.S.C. § 7430(c)(7)(B)(ii). The United States did not take a position in this case because neither an Office of Appeals notice of decision nor a notice of deficiency was issued.

AFFIRMED.

7