125 T.C. No. 2


UNITED STATES TAX COURT


KENNETH C. RATHBUN, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos.  14383-03, 14384-03,    Filed July 12, 2005.
             14385-03, 14387-03,
             14391-03.


     Ps seek administrative costs for expenses incurred in
administrative proceedings with R regarding the 1993 taxable
year.  Ps contend that a letter issued by R in December of
1995 constitutes a notice of the decision of the Internal
Revenue Service Office of Appeals and R's position in the
administrative proceedings as provided by sec.
7430(c)(7)(B), I.R.C.

     <u>Held</u>:  The letter issued by R in December of 1995 is
not a notice of the decision of the Internal Revenue Service

     [1]Cases of the following petitioners are consolidated
herewith:  Doreen M. and Marc R. Fretwell, docket No. 14384-03;
Charles E. and Gladythe M. Rathbun, docket No. 14385-03; Linda J.
and Arlen R. Johnson, docket No. 14387-03; and Jana B. Rathbun-
Hanley, docket No. 14391-03.

Office of Appeals.  Consequently, Ps are not entitled
to recover administrative costs because they are not
prevailing parties under sec. 7430(c)(4), I.R.C.


Nicole M. Chicoine, Darrell D. Hallett, and Cori E.
Flanders-Palmer, for petitioners.

Gregory M. Hahn, for respondent.


OPINION


NIMS, Judge:  This matter is before the Court on petitions
for administrative costs filed pursuant to Rule 271 and section
7430(f)(2).  Both sides have filed motions for summary judgment
under Rule 121.  The issue for consideration is whether
petitioners are entitled to reasonable costs for expenses
incurred in administrative proceedings with the Internal Revenue
Service (IRS) regarding their 1993 gift tax liabilities.  Unless
otherwise indicated, all Rule references are to the Tax Court
Rules of Practice and Procedure, and all section references are
to the Internal Revenue Code as amended.

## Background

Petitioners Charles Rathbun (Charles) and his spouse,
Gladythe Rathbun (Gladythe), are the parents of petitioners Linda
Johnson, Kenneth Rathbun, Jana Rathbun-Hanley, and Marc Fretwell
(collectively referred to herein as the Rathbun children).
Charles, Gladythe, and the Rathbun children are partners in the

Mission Family Limited Partnership (limited partnership). All petitioners resided in the State of Washington at the time the petitions were filed.

On January 9, 1993, Charles purchased a winning ticket in the Washington State lottery. The winning ticket entitled the owner to $15 million payable in equal installments of $750,000 over 20 years. Respondent ultimately agreed that Charles purchased the ticket on behalf of an informal family partnership. See discussion infra p. 7.

On January 11, 1993, petitioners retained attorney Ronald Braley (Mr. Braley) and formed the limited partnership to collect, manage, and distribute the proceeds of the lottery winnings. The partnership agreement specifies that Charles and Gladythe are each 1 percent general partners in the limited partnership. The remaining 98 percent is owned by the limited partners as follows:

| Partner | Percentage ownership |
|---|---|
| Charles Rathbun | 15.68 |
| Gladythe Rathbun | 15.67 |
| Linda Johnson | 13.33 |
| Kenneth Rathbun | 13.33 |
| Jana Rathbun-Hanley | 13.33 |
| Marc Fretwell | 13.33 |
| Brian Fretwell[1] | 13.33 |

[1] Brian Fretwell's petition was resolved separately in docket No. 14386-03.

On January 25, 1995, respondent issued individual notices of proposed deficiency (1995 30-day letters) to Charles and Gladythe. Respondent alleged that the couple, as a "marital community", were the true owners of the winning lottery ticket and that capitalizing the limited partnership with the right to collect the prize constituted a taxable gift to the Rathbun children.

On March 24, 1995, Mr. Braley filed a written protest to respondent's 1995 30-day letters. Mr. Braley challenged respondent's assertion that the ticket was owned by the marital community and maintained that Charles purchased the ticket on behalf of an informal family partnership. Mr. Braley claimed no taxable gifts were made because petitioners had a "common understanding" that the prize would be shared by the entire family in the event one of them held a winning ticket. According to Mr. Braley, petitioners created the limited partnership to merely formalize the relationship between the family members and to satisfy various requirements of the Washington State Lottery Commission.

The Rathbuns' protest was assigned to IRS Appeals Officer Fred Rawley (AO Rawley). AO Rawley disagreed with Mr. Braley's arguments and was prepared to issue notices of deficiency to Charles and Gladythe for the alleged 1993 gift tax liability. In

November of 1995, AO Rawley sent the proposed notices of deficiency to respondent's District Counsel for review because he viewed the issue involved as a "novel one".

On December 13, 1995, respondent's District Counsel advised against issuing the proposed notices of deficiency and recommended that the cases be returned to respondent's Examination Division for further factual development.

On December 26, 1995, AO Rawley sent a Form 3100, Appeals Division Feedback Report and Transmittal Memorandum, to the District Director in which the Appeals Office released jurisdiction over the Rathbuns' cases. The form included the following explanation:

> We were unable to resolve these two cases, and were prepared to issue Notices of Deficiency based on the examiner's recommendation * * *. However, at our request Counsel reviewed the proposed notices; and they have strongly recommended that additional development be done by the Examination Division prior to issuance * * *. We are now concluding our consideration and releasing jurisdiction of these two cases so that the recommended development activity may be considered. We trust that you will take whatever action you consider appropriate, including the issuance of Notices of Deficiency at such time as you consider proper.

On the same day, December 26, 1995, Mr. Rawley sent a letter (December 1995 letter) to the Rathbuns' attorney that stated:

> Dear Mr. Braley:
>
> We have completed our consideration of the two cases captioned above; and we are sorry that we were unable to reach a mutually satisfactory resolution. We have returned the cases to the District Director for whatever action he deems appropriate.

Thank you for your cooperation; and if you have any further questions please contact me * * *.

Sincerely,


Fred R. Rawley
Appeals Officer

On April 6, 1996, respondent served summonses on Charles and Gladythe with respect to their 1993 gift tax liability. Shortly thereafter, the couple retained attorney Larry Johnson (Mr. Johnson) to represent them with respect to respondent's examination. On December 5, 1996, respondent's examiner proposed an alternative theory conceding that the Rathbun children, along with their parents, were members of an informal partnership on January 11, 1993, but that the children "gifted" a portion of their interests in the lottery winnings to Charles and Gladythe upon creation of the limited partnership. Faced with respondent's new argument, the Rathbun children also retained Mr. Johnson in February of 1997.

On September 8, 1999, respondent issued additional 30-day letters to Charles and Gladythe that mirrored the argument outlined in the 1995 30-day letters. On the same day, respondent issued individual 30-day letters to the Rathbun children that advanced the alternative theory.

On November 10, 1999, Mr. Johnson filed a written protest to the 30-day letters, and the case was reassigned to respondent's

Appeals Office. Respondent and petitioners eventually reached a settlement in September of 2000. The parties agreed that (1) Charles purchased the winning lottery ticket on behalf of an informal general partnership including his wife and children, and (2) the transfer of the collection rights to the limited partnership, under the terms of the partnership agreement, reduced the partnership interests of each of the Rathbun children from 14.29 percent to 13.33 percent. Consequently, the Rathbun children in 1993 each made a gift valued at $250,000 to their parents, but no gift tax was owed because of the available unified credit under section 2505.

On December 8, 2000, petitioners submitted requests to respondent for administrative costs under section 7430. Linda Johnson and Marc Fretwell filed joint requests with their spouses, Arlen Johnson and Dorene Fretwell. On May 27, 2003, respondent sent separate letters to petitioners denying their claims for administrative costs. The respective petitions in the underlying case were filed on August 28, 2003. The cases were then consolidated under Rule 141(a) on January 18, 2005.

Discussion

I. Standard for Summary Judgment

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) provides that a

decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

II. Section 7430

Section 7430 provides for the award of administrative costs in any administrative proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of administrative costs may be made where the taxpayer: (1) Is the "prevailing party"; (2) did not unreasonably protract the administrative proceedings; (3) filed an application for administrative costs before the 91st day after the date on which the final decision of the IRS was made; and (4) claimed reasonable administrative costs. Sec. 7430(a), (b)(3) and (4). Our focus is on whether petitioners were prevailing parties in their administrative proceedings with the IRS.

To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or with respect to the most significant issue or set of issues presented,

and, at the time the petition is filed, satisfy certain net worth requirements.  Sec. 7430(c)(4)(A).  Section 7430(c)(4)(B), however, provides that a taxpayer shall not be treated as a prevailing party if the United States establishes that the position of the United States in the proceeding was substantially justified.  Section 7430(c)(7)(B) states that the term "position of the United States" means the position taken by the United States in an administrative proceeding as of the earlier of (1) the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals, or (2) the date of the notice of deficiency.  Respondent is not considered as having taken any position in an administrative proceeding prior to the issuance of an Appeals Office decision or a notice of deficiency. See, e.g., Richardson v. Commissioner, T.C. Memo. 1991-427. Taxpayers must, among other things, receive either a notice of decision from the Appeals Office or a notice of deficiency to qualify as prevailing parties in an administrative proceeding under section 7430(c)(4).  Fla. Country Clubs, Inc. v. Commissioner, 404 F.3d 1291 (11th Cir. 2005), affg. 122 T.C. 73 (2004).

Petitioners never received a notice of deficiency from respondent so we turn to the meaning of a notice of the decision of the Appeals Office.  A notice of decision, for purposes of section 7430, is "the final written document, mailed or delivered

to the taxpayer, that is signed by an individual in the Office of Appeals who has been delegated the authority to settle the dispute on behalf of the Commissioner, and states or indicates that the notice is the final determination of the entire case." Sec. 301.7430-3(c)(2), Proced. & Admin. Regs. (the regulation also treats a notice of claim disallowance issued by the Office of Appeals as a notice of decision, but this relates to claims for refund, which is not our situation).

A 30-day letter does not constitute a position of the United States, and a proposed notice of deficiency, circulated within the IRS and not sent to taxpayers, is not a notice of deficiency for purposes of section 7430(c)(7)(B)(ii). <u>Fla. Country Clubs, Inc. v. Commissioner</u>, <u>supra</u>.

III.  <u>Contentions of the Parties</u>

Respondent contends that petitioners are not "prevailing parties" for purposes of section 7430(c)(4) and cannot recover administrative costs because the Appeals Office never took a position through a notice of decision.

Petitioners maintain that the December 1995 letter sent by AO Rawley was an Appeals Office notice of decision.  Petitioners specifically assert that the December 1995 letter was the final determination of the entire case because the document indicated that the Appeals Office had completed its consideration and returned the cases to the District Director.

We disagree with petitioners' interpretation of the December 1995 letter. Petitioners mistakenly equate an evaluation of the issues in controversy and release of jurisdiction with a final determination. The letter's content does not point to a final determination as required by section 301.7430-3(c)(2), Proced. & Admin. Regs. The letter merely served to notify petitioners that AO Rawley had finished his consideration and that respondent's District Director would take further action. Moreover, in December of 1995, respondent had yet to even include the Rathbun children in his examination. Since respondent failed to reach a final determination, the cases were returned to the Appeals Office following issuance of additional 30-day letters.

For this reason, we conclude that the December 1995 letter was not an IRS Appeals Office notice of decision. In light of our conclusion that petitioners never received a notice of decision, it is unnecessary for us to discuss whether petitioners substantially prevailed in their administrative proceedings.

IV. <u>Conclusion</u>

Respondent did not take a position in petitioners' cases because the December 1995 letter was not an Appeals Office notice of decision. Given that respondent never took a position for purposes of section 7430(c)(4), petitioners are not "prevailing parties" entitled to administrative costs under section 7430, and we so hold.

We have considered all the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Appropriate orders and decisions will be entered for respondent</u>.