T.C. Memo. 2014-50

UNITED STATES TAX COURT

JOHN PURCIELLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29297-11.                          Filed March 24, 2014.

<u>Stanley Alan Epstein</u> and <u>Jeffrey M. Wyble</u>, for petitioner.

<u>Lydia A. Branche</u> and <u>Wendy Dawn Gardner</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  Pursuant to section 7430(f)(2), petitioner filed a petition
in this Court for review of respondent's (Internal Revenue Service or IRS) denial
of his claim for administrative costs.  <u>See</u> Rule 271.  Most of the relevant facts

**[\*2]** have been stipulated, see Rule 122, and are so found.[1] The issue for decision is whether petitioner is entitled to recover administrative costs incurred in his attempt to have the IRS abate its assessment of the section 6672 penalty for failure to pay over employment/payroll taxes that should have been collected in trust for the United States (trust fund recovery penalties) for the quarters ended March 31, 1998, and June 30, 1998 (two quarters involved). See sec. 7501.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner resided in New Jersey when he filed his petition.

## Background

Petitioner is a licensed engineer who has worked for several businesses, including J.A. Purciello Construction (Purciello), Marquis Construction (Marquis), and FMJ Associates (FMJ). Petitioner was an officer of Purciello and Marquis. Petitioner was not an officer of FMJ; his duties for that company were exclusively sales related. Purciello, Marquis, and FMJ failed to pay over tax

---

[1] We also have relied on certain facts set forth in District Judge Dennis M. Cavanaugh's opinion in Purciello v. United States, No. 11-cv-4181(DMC)(MF) (D.N.J. Jan. 28, 2013). See infra note 3.

[*3] reported on Forms 941, Employers Quarterly Federal Tax Return, to the United States for each of the two quarters involved.

On February 2, 2002, petitioner and his wife, Frances Purciello, filed an amended income tax return for 2000 on which they claimed a refund of $58,930. The IRS did not refund the claimed amount, presumably pursuant to the authority granted to it by section 6402(a). Instead, the IRS determined that petitioner was a "responsible person" for FMJ and was liable under section 6672 for trust fund recovery penalties. On April 3, 2002, the IRS assessed $117,891.78 in trust fund recovery penalties for the quarter ending March 31, 1998, and $50,401.75 in trust fund recovery penalties for the quarter ending June 30, 1998 (assessments).

Petitioner was unaware of these assessments or the setoff. The record offers no indication that: (1) the IRS contacted petitioner to determine whether he was a responsible person, see sec. 6672(a); (2) any IRS employee completed Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Taxes; or (3) the IRS issued either a Letter 1153(DO) or a Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, before the assessment date notifying petitioner that he would be subject to an assessment

[*4] under section 6672 for trust fund recovery penalties,[2] see sec. 6672(b). On November 7, 2003, the IRS filed a notice of Federal tax lien against petitioner's property with respect to the assessments.

Seeking to determine the status of the claimed refund, petitioner attempted to contact the IRS on numerous occasions, both in writing and via telephone between August 13, 2002, and April 2009. Eventually, petitioner learned of the assessments and the setoff.

On January 16, 2004, petitioner's then counsel filed a Freedom of Information Act request for copies of the IRS' records regarding the assessments. On June 2, 2004, the IRS disclosure officer informed petitioner's counsel that a search of the IRS' files had failed to find any records relating to the trust fund recovery penalties giving rise to the assessments.

Continuing to seek information from the IRS, on April 27, 2009, petitioner spoke with Revenue Officer Lynne Van Savage. Revenue Officer Van Savage attempted to acquire the files relating to the trust fund recovery penalties but was unable to find them. Revenue Officer Van Savage then contacted Advisor Susan Kwiatkowski, asking her whether it was the IRS' policy to abate trust fund

[2]Respondent was unable to find a copy, or find any record, of petitioner's trust fund recovery penalty case file.

**[*5]** recovery penalty assessments where no files can be found. Ms. Kwiatkowski replied that as a policy matter the IRS did not automatically abate trust fund recovery penalty assessments in such circumstances. She recommended that petitioner file a Form 843, Claim for Refund and Request for Abatement, along with supporting documents.

On May 1, 2009, Revenue Officer Van Savage sent petitioner a letter advising him to complete a Form 843 for each of the quarters involved and to send the completed forms and supporting documents to her for filing, which petitioner did. On July 28, 2009, the IRS sent petitioner two Letters 3784, i.e., 30-day letters, see infra p. 8, disallowing his refund claims. The letters stated that the burden was on petitioner to establish that he was not a responsible person and that "the failure by the IRS Disclosure Office to locate any record and/or file of a TFRP assessment against you does not state, mean or acknowledge that you were NOT a responsible person." The letters stated that if petitioner disagreed, he could request a conference with the IRS Appeals Office within 30 days of the date of the letters.

On August 27, 2009, petitioner filed an appeal of the IRS's disallowance of his refund claims. The case was ultimately assigned to Settlement Officer Desa Lazar on October 15, 2009. In preparation for an Appeals conference, petitioner's

**[*6]** attorney provided Settlement Officer Lazar with additional evidence supporting petitioner's contention that he was not an officer, shareholder, or director of FMJ and therefore was not a responsible person.

On January 6, 2010, Settlement Officer Lazar met with petitioner's attorney and informed him that she intended to deny petitioner's appeal. After the Appeals conference Settlement Officer Lazar's consideration of petitioner's request was delayed, in part, because of her diversion to other matters and, in part, because of the IRS' inability to find the files relating to the trust fund recovery penalties. After a followup telephone call with petitioner's attorney on October 10, 2010, Settlement Officer Lazar noted in her case activity record file that "there are hazards involved in this case because the tp [petitioner's] file cannot be located and additional information provided by tp shows little in the way of evidence that the tp is responsible or willful."

On January 5, 2011, one day short of a year after the Appeals conference, Settlement Officer Lazar noted in the case activity record file that she had "Reconsidered all and decided to allow abatement of TFRP. We cannot find file. There is no evidence that this tp signed any checkes [sic]." On January 13, 2011, Settlement Officer Lazar noted in the case activity record file: "Recommendation to abate the two periods the taxpayer filed a claim for, initially my decision was

**[\*7]** not to allow claim however after review of all evidence and considering the missing TFRP file the facts show the tp does not meet the elements of responsibility and willfulness." On January 27, 2011, IRS Appeals Office issued an Appeals closing letter granting both of petitioner's claims for the abatement of the trust fund recovery penalty assessments.[3]

On April 26, 2011, petitioner's attorney sent Settlement Officer Lazar a request for $26,790.70 in administrative costs incurred in connection with petitioner's appeal pursuant to section 7430(a)(1). On September 28, 2011, the IRS denied this request on the grounds that: (1) petitioner was not the prevailing party since the IRS had established that its position was substantially justified as

---

[3]Although the IRS ultimately granted petitioner's request for an abatement of the trust fund recovery penalty assessment, the IRS refused to refund any money due petitioner on the ground that he had failed to make an administrative refund claim while the period of limitations was open. Petitioner sued for a refund in the U.S. District Court for the District of New Jersey. The District Court granted petitioner's motion for summary judgment, finding that he had made an informal claim for refund before the expiration of the period of limitations. Additionally, the District Court found that the IRS was estopped from arguing that petitioner was not entitled to a refund because the IRS had already accepted the merits of petitioner's position. Purciello v. United States, No. 11-cv-4181 (DMC)(MF) (D.N.J. Jan. 28, 2013). The District Court also granted petitioner's motion for litigation costs, determining that the IRS's position (i.e., denying petitioner a refund on the basis of the bar of the statute of limitations) was not substantially justified. Purciello v. United States, No. 2:11-cv-4181 (DMC)(MF), 2013 WL 6448108 (D.N.J. Dec. 9, 2013) (order granting motion for attorney's fees).

**[*8]** of the date the costs were incurred; and (2) petitioner unreasonably prolonged that part of the proceeding that applied to the costs incurred.

Discussion

Section 7430(a)(1) permits a taxpayer to recover reasonable administrative costs incurred in an administrative proceeding in connection with the determination, collection, or refund of any tax, interest, or penalty. Section 7430(c)(2) defines reasonable administrative costs to be any administrative fee or similar charges imposed by the IRS as well as certain expenses, costs, and fees incurred on or after the earliest of the following: (1) the date on which the taxpayer receives from the IRS Appeals Office a "notice of decision";[4] (2) the date of the notice of deficiency; or (3) the date on which the IRS mails a first letter of proposed deficiency giving the taxpayer a right to protest the proposed deficiency to the IRS Appeals Office (commonly referred to as a 30-day letter).

An award of administrative costs may be made where (1) the taxpayer is the "prevailing party"; (2) the taxpayer did not unreasonably protract the

---

[4]For purposes of sec. 7430, a notice of decision is "the final written document, mailed or delivered to the taxpayer, that is signed by an individual in the Office of Appeals who has been delegated the authority to settle the dispute on behalf of the Commissioner, and states or indicates that the notice is the final determination of the entire case." Sec. 301.7430-3(c)(2), Proced. & Admin. Regs.; see Rathbun v. Commissioner, 125 T.C. 7 (2005).

**[\*9]** administrative proceedings; (3) the amount of costs requested is reasonable; and (4) all administrative remedies available to the taxpayer have been exhausted. Sec. 7430(a), (b)(1), (3), (c); Vines v. Commissioner, T.C. Memo. 2006-258. These requirements are conjunctive; the failure to satisfy any one of them will preclude an award of costs. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioner has the burden of establishing that he satisfied each requirement of section 7430. See Rule 232(e); see also Nicholson v. Commissioner, 60 F.3d 1020, 1025-1026 (3d Cir. 1995), rev'g T.C. Memo. 1994-280.

To be a prevailing party, a taxpayer must (1) substantially prevail with respect to the amount in controversy or the most significant issue or set of issues presented, sec. 7430(c)(4)(A); and (2) meet the timing and net worth requirements of the first sentence of 28 U.S.C. sec. 2412(d)(1)(B), incorporated by reference in section 7430(c)(4)(A)(ii). But even if a taxpayer substantially prevails for purposes of section 7430, the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the "position of the United States" was substantially justified. Sec. 7430(c)(4)(B)(i); Rule 232(e).

A position is substantially justified if it is "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person" or has a

[*10] "'reasonable basis both in law and fact'". <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>Nicholson v. Commissioner</u>, 60 F.3d at 1025-1026.[5] Section 7430(c)(7)(B) provides that for purposes of section 7430(a) the "position of the United States" taken in an administrative proceeding is the position the IRS takes as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or (ii) the date of the notice of deficiency.

Respondent concedes that: (1) petitioner substantially prevailed with respect to the amount in controversy and (2) petitioner met the timing and net worth requirements. However, respondent asserts that petitioner is not a prevailing party because the IRS Appeals Office conceded the case and agreed that the trust fund recovery penalty assessment should be abated (i.e., that petitioner did not owe any money to the IRS). This, respondent asserts, for purposes of section 7430, is the first time the United States took a position in petitioner's case and, inasmuch as respondent agreed with petitioner's contention, the position taken by the United States was substantially justified.

---

[5]The Commissioner's position may be justified even if it is ultimately rejected by the Court. <u>Estate of Wall v. Commissioner</u>, 102 T.C. 391, 393 (1994) (citing <u>Wilfong v. United States</u>, 991 F.2d 359, 364 (7th Cir. 1993)).

[*11] Petitioner responds that respondent should be considered to have taken a position adverse to petitioner when on July 28, 2009, the IRS sent the aforementioned two Letters 3784 denying petitioner's abatement request.[6] We do not agree with petitioner's position.

In Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 78-86 (2004), aff'd, 404 F.3d 1291 (11th Cir. 2005), this Court undertook a thorough review of section 7430 and its legislative history. We therein noted that Congress considered treating the position taken by the IRS in the 30-day letter to be the position taken by the United States but ultimately declined to do so. See also Rathbun v. Commissioner, 125 T.C. 7, 13 (2005).[7] In cases where the IRS has issued a 30-day letter, but then conceded the case in its Appeals Office without issuing a notice of decision, we have held that because there had been no issuance of a notice of decision, the United States had not taken a position for purposes of section 7430. See Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73; Kwestel v. Commissioner, T.C. Memo. 2007-135.

---

[6]Petitioner concedes that the United States had not taken a position in his case during the period 2002 through 2009 when petitioner failed to receive any meaningful responses from the IRS regarding his refund claims.

[7]As noted supra p. 8, if the IRS takes a position adverse to the taxpayer and that position is not substantially justified, then costs incurred from the date the IRS issues the 30-day letter may be awarded to the taxpayer.

**[\*12]**  Respondent issued a notice of decision (via the Appeals closing letter) on January 27, 2011, agreeing with petitioner's position.  Because we look to respondent's position at the Appeals Office level, we are constrained to hold that the position of the United States in this matter is substantially justified.

Petitioner cites Tarpoff v. United States, No. 09-cv-411-DRH-PMF, 2012 U.S. Dist. LEXIS 85065 (S.D. Ill. June 19, 2012), and Larsen v. United States, 39 Fed. Cl. 162 (1997).  The respective situations in the cases upon which petitioner relies are distinguishable from the situation involved in this case.  In each of the cases cited, the IRS Appeals Office had issued a notice of decision taking a position adverse to that of the taxpayer.

At first blush, it would appear that our holding might be inconsistent with that of the District Court, which had awarded petitioner litigation costs.  Purciello v. United States, No. 2:11-cv-4181 (DMC)(MF), 2013 WL 6448108 (D.N.J. Dec. 9, 2013) (order granting motion for attorney's fees).  But it is not.  In the situation involved in the District Court, the IRS Appeals Office denied petitioner's request for a refund on the basis that petitioner's refund claim was untimely, a position the District Court found not to be substantially justified.  See supra note 3.  In the situation involved in this case, the IRS Appeals Office agreed with petitioner,

**[\*13]** resulting in the IRS' abating the trust fund recovery penalty assessment, a position all agree was substantially justified.

Petitioner correctly notes that the IRS failed to follow its own policy with respect to assessing a trust fund recovery penalty (i.e., there is no record of a completed Form 4180, Letter 1153(DO), or Form 2751 being mailed to petitioner), the IRS lost petitioner's file, and the IRS was unresponsive for many years. Petitioner accuses the IRS of "attempting to bootstrap itself by its own errors, saying, because there was no Notice of Deficiency or similar Notice given to Petitioner, the date of its position moves to the latest possible date".

We are sympathetic to petitioner's situation, but the statute is controlling and our authority is limited. "Courts do not have the power to repeal or amend the enactments of the legislature even though they may disagree with the result". Metzger Trust v. Commissioner, 76 T.C. 42, 59 (1981), aff'd, 693 F.2d 459 (5th Cir. 1982).

In concluding, we note that petitioner's situation is similar to that of the taxpayer in Kwestel v. Commissioner, T.C. Memo. 2007-135. In Kwestel, we pointed out that under the "narrow statutory language of section 7430(c)(7)", as well as the Commissioner's interpretive regulations:

**[*14]** taxpayers * * * who do a good job at the administrative level of resolving issues and getting respondent to realize the error of his ways are precluded from recovering administrative costs incurred in achieving those favorable results. To the contrary, taxpayers who do not do as good a job at the administrative level and who receive adverse Appeals Office notices of decision or notices of deficiency, but who later convince respondent to concede issues or who substantially prevail in litigation on the issues, are able to seek a recovery of administrative costs. In effect, taxpayers who do a better job at the administrative level of resolving issues raised by respondent on audit are prejudiced in their ability to recover administrative costs under section 7430.

On the basis of the aforesaid, we deem it unnecessary to address the other arguments raised by counsel in their respective briefs.

<u>Decision will be entered</u>

<u>for respondent</u>.