T.C. Memo. 2014-259

UNITED STATES TAX COURT

PATRICIA MILLIGAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21550-12.                                  Filed December 30, 2014.

Patricia Milligan, pro se.

<u>Luanne S. DiMauro</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This is an action for the recovery of administrative costs under section 7430(f)(2).[1]  The sole issue for decision is whether the position of

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Some monetary amounts have been rounded to the nearest dollar.

**[*2]** the United States in the administrative proceeding was substantially justified under section 7430(c)(4)(B)(i) and (7).

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in New York when she petitioned this Court.

On the basis of information reported to it by a third party the Internal Revenue Service (IRS) issued a CP 2000 notice to petitioner for 2004. On October 30, 2006, petitioner signed the response to the CP 2000 notice, and respondent subsequently assessed additional Federal income tax of $16,384, a penalty of $3,277, and interest of $2,146 for 2004.

Petitioner paid the assessed tax, penalty, and interest in full and filed a timely claim for refund. On August 7, 2008, the IRS service center in Holtsville, New York, issued a Letter 105C, Claim Disallowance Letter, to petitioner, denying the claim for refund. The Letter 105C stated: "Your claim is frivolous and has no legal basis. Federal courts consistently rule against these arguments."

Petitioner requested a conference with the IRS Appeals Office. The IRS service center filed petitioner's conference request instead of sending it to the Appeals Office. In October 2009, after the Taxpayer Advocate Service

[*3] intervened, the appeal was finally assigned to an Appeals officer. In a notice of decision dated May 17, 2010, the IRS Appeals Office determined that petitioner was entitled to a Federal income tax refund of $14,644 and penalty abatement in full.[2]

Petitioner timely filed a claim for the recovery of administrative costs of $18,651 with the IRS Appeals Office. The IRS Appeals Office denied the claim because the IRS did not take a position contrary to the position of petitioner in the administrative proceeding.

Petitioner filed a petition and an amended petition. In her amended petition petitioner claims administrative costs of $60,968.

Discussion

Section 7430(a)(1) permits a taxpayer to recover reasonable administrative costs incurred in an administrative proceeding in connection with the determination, collection, or refund of any tax, interest, or penalty. Section 7430(c)(2) defines reasonable administrative costs to be any administrative fees or similar charges imposed by the IRS as well as certain expenses, costs, and fees incurred on or after the earliest of the following: (1) the date on which the

---

[2]The difference between the refund claim amount and the amount allowed by the IRS Appeals Office relates to certain dividends that were inadvertently included in petitioner's claim for refund.

**[*4]** taxpayer receives from the IRS Appeals Office a notice of decision;[3] (2) the date of the notice of deficiency;[4] or (3) the date on which the IRS mails a first letter of proposed deficiency giving the taxpayer a right to protest the proposed deficiency to the IRS Appeals Office (commonly referred to as a 30-day letter).[5]

An award of administrative costs may be made where (1) the taxpayer is the "prevailing party"; (2) the taxpayer did not unreasonably protract the administrative proceedings; (3) the amount of costs requested is reasonable; and

---

[3]A notice of decision is

> the final written document, mailed or delivered to the taxpayer, that is signed by an individual in the Office of Appeals who has been delegated the authority to settle the dispute on behalf of the Commissioner, and states or indicates that the notice is the final determination of the entire case. A notice of claim disallowance issued by the Office of Appeals is a notice of the decision of the * * * [IRS] Office of Appeals. * * *

Sec. 301.7430-3(c)(2), Proced. & Admin. Regs.

[4]"A notice of deficiency is a notice described in section 6212(a)". Sec. 301.7430-3(c)(3), Proced. & Admin. Regs.

[5]In proposed regulations the Secretary has taken the position that a first letter of proposed deficiency giving the taxpayer a right to protest the proposed deficiency to the IRS Appeals Office is generally "the first letter issued to the taxpayer that describes the proposed adjustments and advises the taxpayer of the opportunity to contact the Office of Appeals. It also may be a claim disallowance or the first letter of determination that allows the taxpayer an opportunity for administrative review in the Office of Appeals." Sec. 301.7430-3(c)(4), Proposed Proced. & Admin. Regs., 74 Fed. Reg. 61592 (Nov. 25, 2009).

**[\*5]** (4) all administrative remedies available to the taxpayer have been exhausted. See sec. 7430(a), (b)(1), (3), (c); Purciello v. Commissioner, T.C. Memo. 2014-50, at \*8-\*9. Petitioner has the burden of establishing that she satisfied each requirement of section 7430. See Rule 232(e).

To be a prevailing party a taxpayer must (1) substantially prevail with respect to the amount in controversy or the most significant issue or set of issues presented, see sec. 7430(c)(4)(A); and (2) meet the timing and net worth requirements of the first sentence of 28 U.S.C. sec. 2412(d)(1)(B), see sec. 7430(c)(4)(A)(ii). However, a taxpayer will not be treated as the prevailing party if the Commissioner establishes that the "position of the United States" was substantially justified. See sec. 7430(c)(4)(B)(i); Rule 232(e). Section 7430(c)(7)(B) provides that, for purposes of section 7430(a), the "position of the United States" in an administrative proceeding is the position that the IRS takes as of the earlier of (i) the date of the receipt by the taxpayer of a notice of decision of the IRS Appeals Office or (ii) the date of a notice of deficiency. See also Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 87 (2004) (holding that the United States does not take a position within the meaning of section 7430(c)(4)(B) by issuing a 30-day letter), aff'd, 404 F.3d 1291 (11th Cir. 2005).

**[\*6]**    Respondent concedes that petitioner (1) substantially prevailed with respect to the amount in controversy and the most significant issue presented in the administrative proceeding, see sec. 7430(c)(4)(A); (2) meets the net worth requirements, see sec. 7430(c)(4)(A)(ii); (3) exhausted any administrative remedies available to her, see sec. 7430(b)(1); and (4) did not unreasonably protract the administrative proceeding, see sec. 7430(b)(3).  However, respondent contends that the position of the United States was substantially justified because the IRS Appeals Office conceded the case.  We agree with respondent.

The CP 2000 notice and the Letter 105C that respondent issued to petitioner are neither notices of deficiency nor notices of decision of the IRS Appeals Office. See sec. 301.7430-3(c)(2) and (3), Proced. & Admin. Regs.  When the IRS Appeals Office finally took a position with respect to petitioner's refund claim, it allowed that claim.  The position of the United States in this case was therefore substantially justified.  See sec. 7430(c)(4)(B)(i), (7); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. at 87.  Accordingly, although we recognize that some of respondent's administrative actions unjustifiably caused petitioner to incur some

**[*7]** cost and stress, section 7430 does not permit her to recover any administrative costs.[6]

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[6]Because we conclude that petitioner is not entitled to recover any administrative costs, we do not address respondent's alternative contention that petitioner failed to substantiate the additional administrative costs that she claimed in her amended petition.