T.C. Memo. 2019-156

UNITED STATES TAX COURT

MARK C. KLOPFENSTEIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17435-17.                    Filed December 9, 2019.

<u>John E. Williams</u> and <u>Stuart J. Bassin</u>, for petitioner.

<u>Jamie J. Song</u>, <u>Anna L. Boning</u>, <u>Nancy S. V. Knapp</u>, <u>Alan H. Cooper</u>, and

<u>Aely K. Ullrich</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This case involves a request for "reasonable administra-

tive costs" under section 7430(a)(1).[1]  That section provides that "the prevailing

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
(continued...)

[*2] party" may be awarded a judgment for reasonable costs incurred "in connection with * * * [an] administrative proceeding within the Internal Revenue Service" (IRS). The IRS denied an award of costs, believing that petitioner was not a "prevailing party."

Petitioner timely petitioned this Court for review of the denial of administrative costs. See sec. 7430(f)(2); Rule 271. Respondent has filed a motion for summary judgment addressed solely to the question whether petitioner was a "prevailing party," and petitioner has filed a cross-motion for partial summary judgment on this point. Finding no material facts to be in genuine dispute, we will grant respondent's motion and deny petitioner's cross-motion.

## Background

The following facts are derived from the parties' pleadings and motion papers, including the declarations and the exhibits attached thereto. Petitioner resided in Georgia when he filed his petition.

Petitioner is a certified public accountant and investment banker. During 1998-2001 entities he controlled became the subject of an IRS tax shelter investigation. On November 5, 2014, the IRS Examination Division (Exam) sent peti-

---

[1](...continued)
relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] tioner a Form 5701, Notice of Proposed Adjustment, notifying him of its belief that he was a "material advisor" who had failed to make disclosure of "reportable transactions" as required by section 6111.  Exam proposed to assert, under section 6707, penalties totaling $1,608,126 for tax years 1998-2001.

On December 3, 2014, Exam notified petitioner that a penalty assessment of $1,608,126 would be made if he did not pay that amount upon notice and demand for payment.  (That assessment was in fact made on March 14, 2016.)  Exam's letter informed petitioner that, if he disagreed with the penalty, he could submit a protest requesting a conference with the IRS Office of Appeals (Appeals Office).[2]

On January 6, 2015, petitioner submitted to Exam an offer of $10,000 to settle the entire case.  Exam promptly rejected this offer as unacceptable.  Petitioner did not submit another settlement offer to Exam.

On June 4, 2015, petitioner timely submitted a protest requesting that his case be considered by the Appeals Office.  In August 2015 Exam forwarded to the Appeals Office petitioner's protest along with the case file.  In October 2015 the case was assigned to Appeals Officer (AO) Tate.  To assist AO Tate in her review of the case, Exam submitted to the Appeals Office a rebuttal to petitioner's protest;

---

[2]In 2019 the Office of Appeals was renamed the Independent Office of Appeals.  See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019).

[*4] petitioner submitted a supplemental protest; and Exam submitted a rebuttal to petitioner's supplemental protest.

On June 21, 2016, AO Tate held a pre-conference meeting with petitioner, petitioner's representatives, and Exam personnel. On August 10, 2016, AO Tate held a settlement conference with petitioner and his representatives. The parties reached a settlement in which they agreed that petitioner was liable under section 6707 for a reduced penalty of $169,855 for 1998 and that he was liable for no penalties for 1999-2001. The parties memorialized this settlement in a closing agreement executed under section 7121. Petitioner signed the closing agreement on October 13, 2016; AO Tate signed it the following day; and AO Tate's immediate supervisor signed the closing agreement on behalf of the Appeals Office on November 9, 2016.

By letter dated November 30, 2016, the Appeals Office informed petitioner that it had approved the settlement and would proceed to close the case. Enclosed with that letter were a fully executed copy of the closing agreement and a copy of Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, indicating that the IRS would abate $1,438,271 of the assessed penalties ($1,608,126 minus $169,855). That abatement was made on December 26, 2016.

**[\*5]**  On February 27, 2017, petitioner submitted to the IRS a request for "reasonable administrative costs" under section 7430(a)(1).  He contended that he was a "prevailing party" within the meaning of section 7430(a) and (c)(4) and was therefore entitled to an award for the attorney's fees and costs he had incurred during the administrative proceeding.  The IRS denied an award of costs in a letter dated May 19, 2017.  On August 15, 2017, petitioner filed a timely petition seeking review of this IRS action.  See sec. 7430(f)(2); Rule 271.  The parties have filed cross-motions for summary judgment directed to the question whether petitioner was a "prevailing party."[3]

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  We may grant summary judgment when there is no genuine

---

[3]In his motion respondent reserves the right to challenge whether:  (1) petitioner meets the net worth requirements of section 7430(c)(4)(A)(ii); (2) petitioner's claimed administrative costs were all incurred in connection with the administrative proceeding and were "reasonable" under section 7430(c)(2); and (3) petitioner's claimed costs comply with the statutory cap set by section 7430(c)(1)(B) or are justified by a "special factor" under section 7430(c)(1)(B)(iii).  Concluding as we do that petitioner was not a "prevailing party," we need not address any of these questions.

**[\*6]** dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. Upon considering the motions, supporting declarations, and responses, we find no material facts to be in dispute on the question whether petitioner was a "prevailing party" within the meaning of section 7430(a) and (c)(4).

B.    Analysis

Section 7430(a) provides for the award of administrative and/or litigation costs to a taxpayer in a proceeding brought "in connection with the determination, collection, or refund of any tax, interest, or penalty." Such an award may be made where the taxpayer demonstrates that he: (1) is a "prevailing party," (2) has exhausted administrative remedies within the IRS, (3) has not unreasonably protracted the proceeding, and (4) has claimed "reasonable" costs. Sec. 7430(a), (b)(1), (3), (c)(1) and (2); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313. The only question currently before the Court is whether petitioner satisfied the first of these requirements by establishing that he is the "prevailing party."

**[*7]** To be the "prevailing party," the taxpayer must establish that he "substantially prevailed" with respect to either the amount in controversy or the most significant set of issues presented. Sec. 7430(c)(4)(A)(i). Respondent agrees that petitioner substantially prevailed with respect to the amount in controversy. Nevertheless, a taxpayer will not be treated as the prevailing party if the IRS "establishes that the position of the United States in the proceeding was substantially justified." Sec. 7430(c)(4)(B)(i).

With respect to an administrative proceeding, the "position of the United States" means the position taken by the United States "as of the earlier of--(i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." Sec. 7430(c)(7)(B). The IRS "is not considered as having taken any position in an administrative proceeding prior to the issuance of an Appeals Office decision or a notice of deficiency." Rathbun v. Commissioner, 125 T.C. 7, 13 (2005); see Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 86 (2004) ("[W]e interpret section 7430(c)(7) to limit recovery of administrative costs to those situations in

**[\*8]** which a notice of deficiency or Appeals Office decision has been issued."),

aff'd, 404 F.3d 1291 (11th Cir. 2005).[4]

The IRS did not issue a notice of deficiency in this case. The penalty that

the IRS assessed under section 6707 was an "assessable penalty" not subject to de-

ficiency procedures. See Endeavor Partners Fund, LLC v. Commissioner, T.C.

Memo. 2016-12, 111 T.C.M. (CCH) 1055, 1057; see also Smith v. Commissioner,

133 T.C. 424, 428-429 (2009). Thus, the IRS could not possibly have issued

petitioner a notice of deficiency.

Nor did the Appeals Office issue petitioner a "notice of * * * decision."

Sec. 7430(c)(7)(B)(i). A notice of decision is a "final written document" notifying

the taxpayer that the Appeals Office has made a determination of the entire case

(typically, adverse to the taxpayer). Sec. 301.7430-3(c)(2), Proced. & Admin.

Regs. In this case the Appeals Office received multiple submissions from

---

[4]If a taxpayer establishes that he is "the prevailing party," he may recover costs incurred on or after the earliest of the dates on which: (1) he received a notice of decision from the Appeals Office; (2) the IRS issued a notice of deficiency; or (3) the IRS issued him a 30-day letter (or similar document) affording him the right to appeal a proposed deficiency to the Appeals Office. Sec. 7430(c)(2); sec. 301.7430-3(c)(1)(iii), (4), Proced. & Admin. Regs. In the third scenario, a taxpayer who is a "prevailing party" may be entitled to recover costs incurred during the Appeals Office's consideration of the case. Section 7430(c)(2), however, simply defines the "administrative costs" that a prevailing party may recover; it does not affect the definition of "position of the United States" as set forth in subsection (c)(7).

[*9] petitioner and from Exam, held a settlement conference, and settled the case by making a large concession in petitioner's favor. That settlement was ultimately embodied in a closing agreement. Because the Appeals Office did not issue a notice of deficiency or a notice of decision, it did not take a "position" contrary to petitioner's for purposes of section 7430(c)(7). See Rathbun, 125 T.C. at 14; Fla. Country Clubs, Inc., 122 T.C. at 87. And because the United States did not take a position contrary to petitioner's, he cannot be treated as "the prevailing party." Sec. 7430(a).

Petitioner first contends that, because the Appeals Office did not take a "position" within the meaning of section 7430(c)(7), respondent cannot establish that its position was substantially justified. See sec. 7430(c)(4)(B). We expressly rejected that argument in a decision affirmed by the Eleventh Circuit. See Fla. Country Clubs, Inc., 122 T.C. at 80. As we explained there, Congress intended section 7430(c)(7) to "protect the Commissioner from claims by taxpayers that positions taken by, for example, the Examination or Collections Division personnel, before issuance of a notice of deficiency or of the decision of Appeals, are not substantially justified." Id. at 80-81 (quoting Ball v. Commissioner, T.C. Memo. 1995-520). The statute accordingly "immuniz[es] the Government against claims for costs until the IRS's position has crystallized in an Appeals Office decision or

[*10] notice of deficiency." Id. at 81. Because the Appeals Office in this case did not take a position that was "crystallized" into either of those documents, petitioner cannot be considered "the prevailing party" under section 7430(a). See Friends of the Benedictines in the Holy Land, Inc. v. Commissioner, 150 T.C. 107, 114 (2018) ("When the Government fails to take a position at all, * * * a taxpayer cannot be the prevailing party.").[5]

"The Appeals Office is the forum for the compromise of disputes between taxpayers and the IRS, and it is the first stage within the IRS at which the proposed adjustments are fully reviewed and which expressly takes into account the hazards of litigation." Fla. Country Clubs, Inc., 122 T.C. at 81 n.9. To comply with its mission statement--i.e., "to resolve tax controversies, without litigation"--

---

[5]By letter dated November 30, 2016, the Appeals Office informed petitioner that it had approved the settlement and attached a fully executed copy of the closing agreement. Petitioner does not contend that this document constituted a "notice of the decision of the * * * Office of Appeals" within the meaning of section 7430(c)(7)(B)(i). But even if that document were so regarded, and as such were thought to constitute "the position of the United States," that position was "substantially justified" because it took the form of a settlement to which petitioner agreed. See Milligan v. Commissioner, T.C. Memo. 2014-259, 108 T.C.M. (CCH) 662, 663 ("When the IRS Appeals Office finally took a position with respect to * * * [the taxpayer's] refund claim, it allowed that claim. The position of the United States in this case was therefore substantially justified."); Purciello v. Commissioner, T.C. Memo. 2014-50, 107 T.C.M. (CCH) 1255, 1257 (holding that the position of the United States was substantially justified where the Appeals Office "issued a notice of decision * * * agreeing with * * * [the taxpayer's position").

**[*11]** the Appeals Office settles thousands of cases annually, often by making concessions to taxpayers. See Internal Revenue Manual pt. 8.6.4.1 (Oct. 26, 2007). Under petitioner's construction of the statute, taxpayers would be able to recover administrative costs in virtually every case that is resolved by a settlement in which the Appeals Office makes a substantial concession. That plainly is not the law.

In a similar vein, petitioner urges that Fla. Country Clubs, Inc., and the cases following in its wake are distinguishable. Those cases generally involved deficiency proceedings in which the IRS had not (and could not possibly have) assessed the tax or begun collection action. See sec. 6213(a). This case involves assessable penalties, and the IRS in March 2016 assessed the penalties and began collection action. Petitioner contends that the IRS thereby took, for purposes of section 7430(c)(7)(B), "the position" that he owed $1,608,126.

We are not persuaded. Section 7430(c)(7) makes no reference to assessment or collection activity by the IRS. Rather, it defines the position of the United States in an administrative proceeding as the position taken "as of the earlier of" the date on which the IRS issues the notice of deficiency or the date the taxpayer receives a notice of decision from the Appeals Office. An assessment made pursuant to a determination by Exam does not constitute either of those things. Here

[*12] as previously, "we interpret section 7430(c)(7) to limit recovery of administrative costs to those situations in which a notice of deficiency or Appeals Office decision has been issued." Fla. Country Clubs, Inc., 122 T.C. at 86.

As we noted in Fla. Country Clubs, Inc., Congress intended to immunize the Commissioner "from claims by taxpayers that positions taken by * * * the Examination or Collections Division * * * are not substantially justified." Id. at 80-81 (quoting Ball v. Commissioner, T.C. Memo. 1995-520). That is precisely the type of claim that petitioner advances here. The fact that the penalties at issue were not subject to deficiency proceedings and accordingly were assessed has no bearing on the proper interpretation of section 7430. See Purciello v. Commissioner, T.C. Memo. 2014-50, 107 T.C.M. (CCH) 1255, 1257 (holding that the position of the United States was substantially justified where the Appeals Office conceded the case, notwithstanding prior assessment of trust fund recovery penalties under section 6672); see also Milligan v. Commissioner, T.C. Memo. 2014-259, 108 T.C.M. (CCH) 662, 663 (same, notwithstanding prior assessment and collection action).[6]

_____

[6]Petitioner cites two unpublished opinions of Federal District Courts which held the IRS may be deemed to have taken a "position" without having issued a notice of decision or notice of deficiency. See Reynoso v. United States, No. 10-00098 (SC), 2011 WL 3473366 (N.D. Cal. Aug. 9, 2011); Grisanti v. United

(continued...)

**[\*13]** Finally, petitioner contends that he is entitled to costs because Exam rejected a "qualified offer." Section 7430(c)(4)(E)(i) provides that, if certain conditions are met, "[a] party to a court proceeding * * * shall be treated as the prevailing party if the liability of the taxpayer pursuant to the judgment in the proceeding * * * is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer." By its terms, this provision applies only where a "judgment" is entered in "a court proceeding." Sec. 7430(c)(4)(E)(i); see sec. 301.7430-7(a), Proced. & Admin. Regs. ("The provisions of the qualified offer rule do not apply if the taxpayer's liability * * * is determined exclusively pursuant to a settlement"). Here, petitioner settled before any court proceeding began, so his liability was not determined by a "judgment."

---

⁶(...continued)
States, No. 3:05CV12-D-A, 2006 WL 2908642 (N.D. Miss. Oct. 10, 2006). We recently expressed reservations about the analysis in those opinions. See Friends of the Benedictines in the Holy Land, Inc. v. Commissioner, 150 T.C. 107, 114-118 (2018). In any event, those cases are distinguishable on their facts. In each case the taxpayer had made a refund request, and the court reasoned that the IRS could not insulate itself from the consequences of taking a position by declining to respond to the taxpayer's request. Here, Exam submitted a rebuttal to petitioner's protest and a further rebuttal to petitioner's supplemental protest. After considering the positions advanced by Exam and petitioner, the Appeals Office agreed to a settlement. Far from being unresponsive, the Appeals Office made a substantial concession in petitioner's favor. If the Appeals Office by that action were thought to have taken a "position," that position was "substantially justified" because it took the form of a settlement to which petitioner agreed. See supra note 5.

**[\*14]** In any event, his offer would not qualify under section 7430(c)(4)(E) because he ultimately agreed to a liability of $169,855, significantly greater than the $10,000 amount he had offered to pay.

C.    Conclusion

In sum, because the Appeals Office reached a settlement with petitioner, the United States never took a "position" contrary to petitioner's within the meaning of section 7430(c)(7).  Because petitioner therefore was not a "prevailing party" entitled to recover administrative costs, we will grant respondent's motion for summary judgment and deny petitioner's cross-motion.

To implement the foregoing,

An appropriate order and decision

will be entered for respondent.