T.C. Memo. 2015-66

UNITED STATES TAX COURT

CHAD R. BALDWIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16781-10.                    Filed April 6, 2015.

Chad R. Baldwin, pro se.[1]

Peter T. McCary and A. Gary Begun, for respondent.

MEMORANDUM OPINION

NEGA, <u>Judge</u>:  This case is before the Court on petitioner's motion for

litigation and administrative costs pursuant to section 7430 and Rule 231.[2]

_____

[1]Shellie H. Hart entered an appearance for petitioner on October 28, 2013, and withdrew as petitioner's counsel on June 18, 2014.

[2]All section references are to the Internal Revenue Code (Code) in effect at

(continued...)

**[\*2]** Respondent filed a response opposing petitioner's motion, and petitioner filed a reply to respondent's response.  As discussed in detail below, we conclude that respondent's position in these proceedings was substantially justified, and consequently we will deny petitioner's motion.

Background

The following facts are based on the parties' submissions and an evidentiary hearing on the matter.  Some of the facts have been deemed stipulated pursuant to Rule 91(f) by reason of petitioner's failure to properly respond to an order to show cause.[3]  Petitioner resided in Florida when his petition was filed.

In 2007 in addition to other employment petitioner worked as a salesperson for Florida Leisure Products, Inc. (Florida Leisure).  Florida Leisure did not have a policy of reimbursing employees for business-related expenses.  On a timely submitted return for the 2007 tax year, petitioner deducted expenses for mileage for his personal vehicle, travel expenses, business expenses, and meals and

---

[2](...continued)
all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]Proposed stipulations of fact were accepted as established by the Court's order on February 1, 2012.

[*3] entertainment expenses.[4]  In early 2010 respondent conducted an examination of petitioner's 2007 tax return and requested additional information from petitioner to substantiate the claimed employee business expenses as well as items underlying other miscellaneous deductions.  After petitioner failed to respond to that request, respondent sent him an audit report proposing certain adjustments with respect to these expenses and asked petitioner to respond to the report.  Again, petitioner did not respond.  By letter dated June 21, 2010, respondent determined a deficiency in petitioner's 2007 income tax liability.  Specifically, respondent determinated that petitioner was not entitled to his claimed employee business expense deduction and other miscellaneous deductions because petitioner did not establish that he had paid or incurred the underlying expenses in the 2007 tax year and that the expenses were ordinary and necessary.

On July 26, 2010, petitioner timely filed a petition with the Court for redetermination of the deficiency.  On August 24, 2010, respondent timely filed an answer maintaining the arguments in the notice of deficiency.

---

[4]Petitioner later claimed deductions for home office expenses and increased amounts of business expenses and meals and entertainment expenses.

**[*4]** In an effort to resolve petitioner's case without litigation, respondent assigned it to the Office of Appeals. The Office of Appeals contacted petitioner by letter dated September 21, 2010, and explained its case handling process.

By letter dated October 18, 2010, petitioner acknowledged receiving the September 21 letter and stated that he would send documents to substantiate expenses underlying his claimed deductions sometime in February 2011.

Soon after, an Appeals officer scheduled a telephone conference with petitioner for March 10, 2011. On March 7, 2011, the Appeals officer received a package of documents from petitioner, including bank statements and a handwritten mileage log. The Appeals officer and petitioner held their scheduled telephone conference, during which the Appeals officer discovered that petitioner had reached a settlement in a lawsuit against his former employer, Midwest Direct of Canton, Inc. (MDI), during the 2007 tax year. Under the terms of the 2007 settlement MDI would pay petitioner $10,000 and forgo $13,186 of restitution payments due from him.

On September 14, 2011, the Appeals officer sent petitioner a proposed decision for a deficiency for the 2007 tax year and asked him to respond by September 26, 2011. Petitioner did not accept the proposed deficiency. By letter

[*5] dated October 19, 2011, the Office of Appeals informed petitioner that his case was being forwarded to respondent's counsel for trial preparation.

The Court set the case for trial during the trial calendar beginning on February 6, 2012, in Tampa, Florida.

On January 26, 2012, respondent filed a motion for leave to file amendment to answer (motion for leave) and pleaded an increased deficiency based on petitioner's failure to include the MDI settlement proceeds on his 2007 Federal income tax return. The Court ordered petitioner to respond to respondent's motion for leave on or before February 17, 2012. Petitioner did not timely respond.

By order dated February 3, 2012, the Court continued the case and directed petitioner to provide respondent with copies of all documents that he intended to present at trial in support of his case on or before May 4, 2012. The Court warned petitioner that any documents submitted thereafter might not be admitted at trial.

On May 4, 2012, petitioner provided a packet of documents to respondent. Soon thereafter, petitioner enlisted the help of Community Legal Services of Mid-Florida. In a letter dated November 8, 2012, an attorney from this organization provided respondent with six pages of documentation related to petitioner's claimed home office expense deduction. The attorney also stated that she would no longer be working on petitioner's case.

**[*6]** On February 12, 2013, petitioner sent respondent a letter stating: "I still haven't sent you all of my receipts for tax year 2007! I have a LARGE STACKED ENVELOPE of toll receipts that I dread having to photo copy [sic], as it will take ALL DAY and cost $30 in ink and paper!!"

On March 1, 2013, the Court granted respondent's motion for leave and filed respondent's amendment to answer. Petitioner subsequently filed motions contesting respondent's amendment to answer. The Court denied these motions.

On October 28, 2013, Shellie H. Hart entered an appearance as counsel for petitioner. In the months following Mr. Hart's entry of appearance, respondent completed a full analysis of petitioner's documents and determined that he had properly substantiated his claimed deductions for the 2007 tax year. Mr. Hart also notified respondent that petitioner's MDI settlement proceeds were not taxable because petitioner was insolvent when MDI forgave his restitution payments. The remainder of petitioner's settlement proceeds, which consisted of a cash payment of $10,000, was not paid to petitioner until 2008 after his attorney subtracted attorney's fees.

On March 6, 2014, the Court entered a stipulated decision signed by the parties indicating there is no deficiency in income tax due from, nor overpayment due to, petitioner for the taxable year 2007.

**[\*7]**  On May 1, 2014, petitioner filed the motion pending before the Court, prompting the Court to vacate and set aside the stipulated decision.  See Rule 232(f) (stating that disposition of motion for reasonable administrative and litigation costs shall be included in the decision entered in the case); sec. 7430(f)(1).  Petitioner asserts that he is entitled to an award of $1,000 for attorney's fees and $2,000 for out-of-pocket expenses, for a total of $3,000.  Petitioner also asserts that his 2007 Federal income tax has been overpaid by $2,680 and he is entitled to a refund.

## Discussion

The parties agreed in a previously entered decision that there is no deficiency due from nor overpayment due to petitioner for the 2007 tax year.  That decision was vacated only to permit petitioner to make a claim for costs.  By order dated October 1, 2014, the Court stated that to the extent that petitioner's motion for costs claims that his tax for the 2007 tax year was overpaid, the claim is not properly raised and will not be considered.  Therefore, the sole issue before the Court is petitioner's motion for litigation and administrative costs.

Section 7430(a) permits the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States in connection with the determination of any tax, interest,

[*8] or penalty under the Code. An award of reasonable administrative or litigation costs may be made where the taxpayer is the prevailing party and did not unreasonably protract the administrative or judicial proceedings. See sec. 7430(a), (b)(3). Litigation costs may be awarded only if the taxpayer exhausted available administrative remedies. See sec. 7430(b)(1).

To be a prevailing party, a taxpayer must: (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) meet certain net worth requirements. See sec. 7430(c)(4)(A)(i) and (ii).

Respondent concedes that petitioner substantially prevailed and meets the net worth requirements. Respondent argues, however, that petitioner is not the prevailing party because respondent was substantially justified in maintaining his position in the administrative and judicial proceedings. Respondent also argues that petitioner did not exhaust his administrative remedies, that petitioner unreasonably protracted the judicial proceedings, and that the fees requested are unreasonable.

As a general rule, the taxpayer in an administrative or court proceeding is not treated as the prevailing party if the Commissioner establishes that the position of the United States was substantially justified. See sec. 7430(c)(4)(B)(i). The

[*9] "position of the United States" is, in turn, defined in section 7430(c)(7) as the position taken by the Government in an administrative proceeding as of the earlier of: (1) the date of receipt by the taxpayer of the notice of decision of the Office of Appeals or (2) the date of the notice of deficiency. The record does not reflect that the Office of Appeals ever issued a notice of decision before the issuance of the notice of deficiency; accordingly, respondent's position in the administrative proceeding was established as of June 21, 2010--the date of the notice of deficiency. See sec. 7430(c)(7)(B); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 77 (2004), aff'd, 404 F.3d 1291 (11th Cir. 2005). Respondent's position in the judicial proceedings was established by his answer filed on August 24, 2010, and his amendment to answer filed on March 1, 2013. See sec. 7430(c)(7)(A); Grant v. Commissioner, 103 F.3d 948, 952 (11th Cir. 1996), aff'g T.C. Memo. 1995-374; Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part and remanding on other grounds T.C. Memo. 1991-144. Although the positions the Commissioner takes in the administrative and judicial proceedings are normally considered separately, the distinction is of little consequence when the Commissioner takes the same position in both the notice of deficiency and in the answer. See Livingston v. Commissioner, T.C. Memo. 2000-387.

[*10] The United States' position is substantially justified if there is a reasonable basis for it both in law and in fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). Whether the Commissioner's position was reasonable depends on all the facts known to him when he took positions in the administrative and judicial proceedings. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997); DeVenney v. Commissioner, 85 T.C. 927, 931 (1985). The fact that the Commissioner eventually loses or concedes a case does not establish that his position was unreasonable. See Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 969 (1986). A significant factor in determining whether the Commissioner's position is reasonable as of a given date is whether, on or before that date, the taxpayer has presented all relevant information under the taxpayer's control and relevant legal arguments supporting the taxpayer's position. Corson v. Commissioner, 123 T.C. 202, 206-207 (2004); sec. 301.7430-5(c)(1), Proced. & Admin. Regs.

Respondent asserted in the notice of deficiency his administrative position that petitioner was not entitled to certain miscellaneous deductions (after limitations) because, at the time, petitioner did not establish that he had paid or incurred the underlying expenses in the 2007 tax year and that the expenses were ordinary and necessary. More than two years after petitioner received the notice

**[\*11]** of deficiency, petitioner sent a letter to respondent stating that he had not submitted all of the relevant receipts for the 2007 tax year. It was not until more than three years after the notice of deficiency was issued that petitioner submitted all of the relevant documentation to respondent to prove his claims. Petitioner argues that he was allowed the same deductions for previous years. The Commissioner is not required, however, for any given year to allow a tax benefit that was permitted for a previous or subsequent year. See, e.g., Lerch v. Commissioner, 877 F.2d 624, 627 n.6 (7th Cir. 1989), aff'g T.C. Memo. 1987-295; Pekar v. Commissioner, 113 T.C. 158, 166 (1999). The Commissioner is entitled to maintain his position until adequate substantiation is received and verified. Newman v. Commissioner, T.C. Memo. 2012-74; Hall v. Commissioner, T.C. Memo. 2003-159, aff'd, 118 Fed. Appx. 308 (9th Cir. 2005). Accordingly, we find that respondent's administrative position had a reasonable basis in fact and law and therefore was substantially justified.

Respondent's litigation position in his answer was the same position he took during the administrative proceeding, and there is no indication that any developments between the time he issued the notice of deficiency and the time he filed his answer would render his litigating position any less justified. Therefore, respondent was substantially justified in the litigation position taken in his answer.

[*12] See Cooley v. Commissioner, T.C. Memo. 2012-164. Later, respondent amended his answer to account for petitioner's MDI settlement proceeds. When respondent filed the amendment to answer, he did not know that petitioner was insolvent at the time of the settlement. It was not until several months after the Court filed respondent's amendment to answer that petitioner's attorney, Mr. Hart, introduced the issue of petitioner's insolvency and the application of a relevant Code section to make the debt forgiveness nontaxable. On the basis of the facts available to respondent at the time the amendment to answer was filed, as well as the longstanding legal precedent that forgiven debt is generally taxable income, respondent's litigation position had a reasonable basis in both law and fact and therefore was substantially justified. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443. We also note that respondent timely conceded that petitioner had no deficiency, after receiving all the relevant documents to substantiate petitioner's expenses and being informed by Mr. Hart of petitioner's insolvency at the time of the settlement.

In the light of our conclusions that respondent's administrative and litigation positions were substantially justified, we need not reach respondent's arguments that petitioner failed to exhaust administrative remedies and

**[*13]** unreasonably protracted the proceedings and that the fees requested are unreasonable.

To reflect the foregoing, petitioner's motion for an award of administrative and litigation costs will be denied.

<u>An appropriate order and</u>

<u>decision will be entered</u>.